IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SZYMCZAK, STEFAN SCHUELE, KIM DREHER, MARIO LOPEZ, MELANIE RIVERA, KATRINA BOYD, ANGELA GREATHOUSE, CORNELIUS JACKSON, DAVID SIMONS, LOLITA DILLARD, and ANNE STEWART, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>      Defendants. | Civil Action Number:<br>7:10-cv-07493(VB)<br><br>**Document Filed Electronically** |

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

SEDGWICK LLP
*Attorneys for Defendants*
NISSAN NORTH AMERICA, INC. AND NISSAN MOTOR CO., LTD.
125 Broad Street, 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
david.covey@sedgwicklaw.com

1717 Main Street, Suite 5400
Dallas, TX  75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
paul.cauley@sedgwicklaw.com

**INTRODUCTION**

This action is one of three other similar putative class actions pending in two other District Courts against defendant Nissan North America, Inc. ("NNA"). On December 14, 2011, NNA was served with a complaint in *David and Phyllis Johnson v. Nissan North America, Inc.*, filed in the 439th Judicial District Court for Rockwall County, Texas. NNA removed the *Johnson* action to the Northern District of Texas—Dallas Division, on January 13, 2012. On January 19, 2012, NNA was served with a complaint in *Tim McElroy v. Nissan North America, Inc. and Nissan Motor Co., Ltd.*, originally filed in the Superior Court of the State of California for the County of Los Angeles—Central District. On February 17, 2012, NNA removed the *McElroy* action to the United States District Court for the Central District of California—Western Division.

In light of these recent developments, NNA has moved the JPML to transfer and consolidate each of these cases pursuant to 28 U.S.C. § 1407, and has asked the JPML to be included on the oral argument calendar for May 2012 or, alternatively, for an expedited hearing at the earliest possible date.[1] In the interim, however, a stay of this proceeding is necessary in order to save judicial resources and avoid unnecessary and duplicative litigation. Without a stay, the parties and the respective courts are likely to engage in duplicative proceedings prior to the MDL determination. This Court has the power to stay the action, particularly at its early stages, and this brief stay will not prejudice Plaintiffs. Therefore, Defendants respectfully pray that the Court stay this matter pending resolution by the JPML of NNA's motion pursuant to 28 U.S.C. § 1407.

---

[1] If the matter is not considered on the Panel's May 2012 calendar, absent unexpected circumstances, it should be decided as part of the Panel's July 2012 calendar.

## BACKGROUND

This case is one of three virtually identical putative class actions that have been filed in federal district courts located in New York, Texas, and California alleging that NNA's[2] marketing and advertising fraudulently misrepresented the quality of its 2005 – 2010 model year Nissan Pathfinder, Nissan Xterra, Nissan Frontier, and Infiniti FX vehicles, which allegedly contain a defective radiator about which NNA allegedly was aware.  The other cases are:

- *Tim McElroy v. Nissan North America, Inc. and Nissan Motor Co., Ltd.*, filed in the Superior Court of the State of California for the County of Los Angeles—Central District, on January 13, 2012, and removed to the United States District Court for the Central District of California—Western Division, on February 17, 2012, Cause No. 2:12-cv-1422 and

- *David and Phyllis Johnson v. Nissan North America, Inc.*, filed in the 439th Judicial District Court for Rockwall County, Texas, on November 28, 2011, and removed to the Northern District of Texas—Dallas Division, on January 13, 2012, Cause No. 3:12-cv-00134.

Each of the cases is in its infancy.  NNA has been served in each of these cases, but no disclosures have been made pursuant to Rule 26(a), and no merits or certification discovery has been conducted in either case.

Today, NNA served a motion for transfer and consolidation of the related actions pursuant to 28 U.S.C. § 1407 ("the MDL Motion") with the JPML requesting the cases be transferred and consolidated in the United States District Court for the Northern District of Texas or, alternatively, to this Court.  The MDL Motion is based on the similarity of claims asserted by the plaintiffs in the three actions.

In good faith, NML intends to timely respond to written jurisdictional discovery served by Plaintiffs, which is currently due Friday, March 2, 2012.  However, given the recent

---

[2] In addition to NNA, NML has also been named as a defendant in the *McElroy* action, but has not been served or appeared.

developments set forth above, NML respectfully requests the Court, subject to and without waiving its objection to jurisdiction, to stay any further proceedings on the jurisdictional issue. Additionally, NNA respectfully requests that its deadline to file a responsive pleading to Plaintiffs' Second Amended Complaint, currently set for Friday, March 2, 2012, be stayed until the JPML determines whether to consolidate and transfer the three similar cases.

## ARGUMENT

### A.   THE COURT HAS DISCRETION TO ORDER A STAY.

This Court has broad discretion and the inherent power to stay proceedings in the interest of judicial economy and uniformity. Such power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Furthermore, federal courts frequently stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending before the JPML "when it serves the interest of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Turner v. Bausch & Lomb Inc.*, No. 8:06-cv-1088, 2006 U.S. Dist. LEXIS 48546 (M.D. Fla. July 17, 2006) (granting motion to stay until the JPML decides on a motion for coordinated or consolidated pretrial proceedings); *Walker v. Merck & Co.*, No. 05-CV-360, 2005 WL 1565839 (S.D. Ill. June 22, 2005) (granting stay even though the plaintiffs argued that the court is allowed to conduct pretrial proceedings, including the consideration of and ruling upon Plaintiffs' motion to remand, pending a determination of whether an MDL will be established); *U.S. Bank v. Royal Indemnity Company*, No. 3:02-CV-0853, 2002 WL 31114069 (N.D. Tex.

Sept. 23, 2002) (granting motion to stay pending ruling on motion filed with the JPML to transfer and consolidate actions); *Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615, 618 (E.D. Va. 2002) (granting motion to stay all proceedings until the JPML rules on the defendant's motion to transfer the case for pretrial coordination or consolidation); *Gonzales v. American Home Prod. Corp.*, 223 F. Supp. 2d 803 (S.D. Tex. 2002) (granting motion to stay until JPML decision on consolidation); *Medical Society of the State of New York v. Connecticut General Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (staying remand motions and holding transfer motions in abeyance until the JPML ruled on transfer requests); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *5 (N.D. Ill. Nov. 12, 1999) ("A stay is therefore the most appropriate option pending a final decision on transfer by the JPML.").

Courts consider the following three factors in deciding whether to grant a motion to stay pending an order of consolidation from the JPML: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360. Here, each of these factors weighs in favor of a stay.

### B. THESE PROCEEDINGS SHOULD BE STAYED PENDING THE RESOLUTION OF THE MDL MOTION.

#### 1. The Stay Will Conserve Judicial Resources.

A stay will allow this Court to avoid duplication of pretrial proceedings and the unnecessary expenditure of the Court's resources. As explained by the court in *Rivers*, the failure to stay a case when a motion to transfer is pending before the JPML Panel will adversely impact judicial economy:

> First, . . . this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation.
>
> In addition, even if this Court denied [the] motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain.

*Rivers*, 980 F. Supp. at 1360-61. Here, a stay will enable the Court to avoid duplicative pretrial proceedings as well as the needless expenditure of judicial resources. *Accord Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003) ("Given the short time until the MDL Panel will consider the motion, this Court's immediate and substantial investment of time is a waste of judicial resources."). Furthermore, in the event that the actions are transferred and consolidated, any pretrial rulings made in the actions may be subject to reconsideration by the transferee court. *See, e.g.*, *Rivers*, 980 F. Supp. at 1361; *In re Upjohn Co. Antibioteic Cleocin Prods. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979), *aff'd*, 664 F.2d 114 (6th Cir. 1981).

Thus, there is a significant risk of conflicting rulings by courts in the other actions that would have to be resolved by the transferee court. For these reasons, a stay in this action is necessary to promote the efficient use of judicial resources.

    2.  <u>Defendants Will Be Prejudiced Absent a Stay.</u>

Failure to stay the multiple actions pending the determination of an MDL motion imposes an unnecessary burden and hardship on the defendant. *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1,1991) (finding that "even if a

5

temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"). Here, each of the pending lawsuits share common factual allegations concerning the advertising and marketing of 2005 – 2010 model year Nissan Pathfinder, Nissan Xterra, Nissan Frontier, and Infiniti FX vehicles (or a subset thereof) and the warranties issued by NNA for the vehicles. Should each of these lawsuits proceed independently while the JPML considers the MDL Motion, NNA would be forced to defend three lawsuits in federal district courts within three different states. It would likely face duplicative discovery demands and may have to produce documents and witnesses under different discovery timelines to plaintiffs in the various jurisdictions. Further, NNA would suffer hardship if required to litigate multiple pretrial motions in three federal courts. These considerations warrant a stay of this action.

The need for the stay is equally applicable to Defendant NML and any further proceedings related to the issue of personal jurisdiction. While NML has not been served, it is aware through the MDL filing that it has been named as a party in the *McElroy* case. Undoubtedly, should NML object to jurisdiction in the other case, it will likely be subjected to duplicative discovery. Accordingly, both Defendants will be prejudiced absent a stay of the full proceeding at this time.

        3.    <u>The Plaintiffs Will Suffer No Prejudice if the Court Orders a Stay.</u>

The Plaintiffs will suffer no prejudice if this Court enters a stay pending the MDL Motion. *See Tench*, 1999 WL 1044923, at *2 (granting a stay because Plaintiffs would suffer no prejudice from the short delay); *American Seafood, Inc. v. Magnolia Processing, Inc.*, No. 92-1030, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) (finding that "plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML").

6

The proposed stay is of limited duration, such that the considerations of judicial economy and fairness outweigh any potential inconvenience.  *See Arthur-Magna Inc. v. Del-Val Financial Corp.*, No. 90-4378, 1991 WL 13725, at **1-2 (D.N.J. Feb 1, 1991).  Further, Plaintiffs should be equally concerned that duplicative litigation could result in potentially conflicting pretrial proceedings.  The minor inconvenience that Plaintiffs may suffer from the minimal delay is inconsequential compared to the judicial economy achieved by granting the stay.  Accordingly, a stay is appropriate in this circumstance.

## CONCLUSION

A stay of this action is imperative to prevent duplicative and burdensome discovery and motion practice and the risk of conflicting rulings on the same issues.  The goals of judicial economy, efficiency, and uniformity further compel the issuance of a stay.  Defendants respectfully request that this Court stay all proceedings pending decision by the JPML on the MDL Motion.

Dated:     February 28, 2012
           Dallas, Texas

                              Respectfully submitted,

                              *s/ E. Paul Cauley, Jr.*
                              E. Paul Cauley, Jr. (admitted *pro hac vice*)
                              TX Bar No. 04018900
                              paul.cauley@sedgwicklaw.com
                              S. Vance Witte (admitted *pro hac vice*)
                              TX Bar No. 21832980
                              vance.wittie@sedgwicklaw.com
                              Nina S. McDonald (admitted *pro hac vice*)
                              TX Bar No. 24056282
                              nina.mcdonald@sedgwicklaw.com
                              SEDGWICK LLP
                              1717 Main Street, Suite 5400
                              Dallas, TX  75201
                              Telephone: (469) 227-8200
                              Facsimile: (469) 227-8004

        David M. Covey  (DMC-3729)
        david.covey@sedgwicklaw.com
        Soo Y. Kim  (SK-5885)
        soo.kim@sedgwicklaw.com
        SEDGWICK LLP
        125 Broad Street, 39th Floor
        New York, NY 10004
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925

        *Counsel for Defendant Nissan North America, Inc.*
        *and Nissan Motor Company, Ltd.*

## CERTIFICATE OF SERVICE

I herby certify that on the 29th day of February 2012, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407** with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Gary S. Graifman
Michael L. Braunstein
Kantrowitz, Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York  10977

Howard T. Longman
Mark Levine
Stull, Stull & Brody
6 East 45th Street, Suite 500
New York, New York  10017

Matthew Mendelsohn
David A. Mazie
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068

*s/ E. Paul Cauley, Jr.*
E. Paul Cauley, Jr.