IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SZYMCZAK, STEFAN SCHUELE, KIM DREHER, MARIO LOPEZ, MELANIE RIVERA, KATRINA BOYD, ANGELA GREATHOUSE, CORNELIUS JACKSON, DAVID SIMONS, LOLITA DILLARD, and ANNE STEWART, individually and on behalf of others similarly situated, | Civil Action Number: 7:10-cv-07493(VB) |
| Plaintiffs, | **Document Filed Electronically** |
| -against- | |
| NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD., | |
| Defendants. | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT NISSAN NORTH AMERICA, INC.'S
MOTION TO STRIKE PURSUANT TO RULE 12(f) AND, ALTERNATIVELY,
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

SEDGWICK LLP
*Attorneys for Defendant*
NISSAN NORTH AMERICA, INC.
125 Broad Street, 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
david.covey@sedgwicklaw.com

1717 Main Street, Suite 5400
Dallas, TX  75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
paul.cauley@sedgwicklaw.com

## INTRODUCTION

This is a putative class action in which Plaintiffs allege that their vehicles have a radiator defect that can result in coolant leakage that may damage their transmission, requiring repair. On December 16, 2011, this Court issued a Memorandum Decision (Dkt. # 26) (the "Order") on Nissan North America, Inc.'s ("NNA") Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Cause of Action Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, which was originally filed April 25, 2011 (Dkt. # 9) (the "Motion"). In the Court's Order, it granted NNA's Motion, in part, and consequently dismissed certain of Plaintiffs' claims **with prejudice**. However, Plaintiffs repleaded those claims in their Second Amended Complaint, filed January 17, 2012 (Dkt. # 34) (the "SAC"). Therefore, NNA moves to strike those claims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure or, alternatively, to dismiss those claims pursuant to Rule 12(b)(6).

## I.   DISMISSAL WITH PREJUDICE PRECLUDES PLAINTIFFS FROM REPLEADING THOSE CLAIMS.

A dismissal with prejudice upon a motion to dismiss for failure to state a cause of action, pursuant to Rule 12(b)(6) or 9(b), is a dismissal on the merits. *See, e.g.*, *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). In their SAC, Plaintiffs replead the following claims, which were dismissed with prejudice in the Court's Order:

1. Violation of the New Jersey Consumer Fraud Act (SAC ¶¶ 104-113);

2. Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (SAC ¶¶ 114-123);

3. Traditional Breach of Express Warranty Claims (*see* SAC ¶ 165 (claiming NNA breached the express terms of warranty, unrelated to any argument of unconscionability); and

4. Unjust Enrichment Claim under Florida law (*see* SAC ¶¶ 177-182).

DL/2833236v1

Because the Court's Order dismissed these claims with prejudice, Plaintiffs' attempt to replead them must fail.   *See* Order at 29-31 (dismissing Plaintiffs' claims under the New Jersey Consumer Fraud Act), 31 (dismissing Plaintiffs' claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law), 14-16 (dismissing Plaintiffs' "straightforward breach of express warranty claim" *id.* at 15) & 36-37 (dismissing Plaintiffs' unjust enrichment claims under Florida law).  These claims will be referred to herein as the "Dismissed Claims."

## II.     THIS COURT HAS THE POWER TO STRIKE THE DISMISSED CLAIMS.

### A.     THE CLAIMS ARE IMMATERIAL.

"The court may strike from a pleading . . . any immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f). *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . .").  Courts in this district have held that a party may prevail on a motion to strike by showing that: "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant."  *Hargett v. Metropolitan Transit Authority*, 552 F. Supp. 2d 393, 404 (S.D.N.Y. 2008) (quoting *M'Baye v. World Boxing Ass'n*, No. 05 Civ. 9581, 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007)).  The Dismissed Claims are "immaterial" to the pending litigation because the Court has already rendered a decision on their merits. *See Cambridge Toxicology Group v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (upholding district court's decision to strike from the plaintiffs' complaint, pursuant to Rule 12(f), issues that had already been decided).   Further, the Dismissed Claims have no bearing on the issues relevant to the instant litigation because they have already been dismissed.

2

**B.      NO EVIDENCE ON THE DISMISSED CLAIMS WOULD BE ADMISSIBLE.**

As claims already dismissed on the merits, Plaintiffs would be precluded from presenting evidence directed only to the Dismissed Claims and could not submit the Dismissed Claims in the jury charge.  The Dismissed Claims have no reason to be in Plaintiffs' Second Amended Complaint and therefore should be stricken from it.

**C.      NNA WILL BE PREJUDICED IF THE CLAIMS ARE NOT STRICKEN.**

The inclusion of claims already adjudicated in Plaintiffs' operative pleadings has the potential to create confusion for the parties and the Court.  To cite but one example, NNA must decide whether it has to direct any portion of its Answer to the dismissed claims.  Ultimately, NNA plans to seek a summary judgment with respect to the claims that have not been dismissed. It would be more convenient for the Court and parties if the live pleadings contained only those claims that had not previously been disposed of by the Court. Moreover, NNA has already obtained a ruling on the Dismissed Claims and incurred expenses in connection with filing the 12(b)(6) and 9(b) Motion to Dismiss that led to their dismissal and should not have to incur further expense in relation to those claims.

**III.      ALTERNATIVELY, THE COURT COULD DISMISS THE CLAIMS AGAIN.**

The Dismissed Claims were dismissed with prejudice and therefore without leave to replead.  Thus, Plaintiffs have failed to state a claim upon which relief could be granted with respect to the Dismissed Claims.  *See* FED. R. CIV. P. 12(b)(6).  Should the Court not strike the Dismissed Claims from the Second Amended Complaint pursuant to Rule 12(f), NNA respectfully requests the court dismiss the Dismissed Claims again pursuant to Rule 12(b)(6) and order Plaintiffs to replead without the inclusion of the Dismissed Claims.

3

## CONCLUSION

The Dismissed Claims (SAC ¶¶ 104-113, 114-123, 165, 177-182) must be stricken from Plaintiffs' Second Amended Complaint, as they violate the Court's Order on NNA's Motion to Dismiss and, as already adjudicated claims, are wholly immaterial to the instant litigation. Alternatively, the Dismissed Claims (SAC ¶¶ 104-113, 114-123, 165, 177-182) should again be dismissed and Plaintiffs ordered to replead without the inclusion of the claims.

Dated:      March 2, 2012
            Dallas, Texas

                                        Respectfully submitted,

                                        *s/ E. Paul Cauley, Jr.*
                                        E. Paul Cauley, Jr. (admitted *pro hac vice*)
                                        TX Bar No. 04018900
                                        paul.cauley@sedgwicklaw.com
                                        S. Vance Witte (admitted *pro hac vice*)
                                        TX Bar No. 21832980
                                        vance.wittie@sedgwicklaw.com
                                        Nina S. McDonald (admitted *pro hac vice*)
                                        TX Bar No. 24056282
                                        nina.mcdonald@sedgwicklaw.com
                                        SEDGWICK LLP
                                        1717 Main Street, Suite 5400
                                        Dallas, TX  75201
                                        Telephone: (469) 227-8200
                                        Facsimile: (469) 227-8004

                                        David M. Covey  (DMC-3729)
                                        david.covey@sedgwicklaw.com
                                        Soo Y. Kim  (SK-5885)
                                        soo.kim@sedgwicklaw.com
                                        SEDGWICK LLP
                                        125 Broad Street, 39th Floor
                                        New York, NY 10004
                                        Telephone: (212) 422-0202
                                        Facsimile: (212) 422-0925

                                        *Counsel for Defendant Nissan North America, Inc.*

4

## CERTIFICATE OF SERVICE

I herby certify that on the 2nd day of March 2012, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PURSUANT TO RULE 12(f)**

**OF THE FEDERAL RULES OF CIVIL PROCEDURE AND, ALTERNATIVELY,**

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF**

**CIVIL PROCEDURE** with the U.S. District Court.  Notice will automatically be electronically

mailed to the following individuals who are registered with the U.S. District Court CM/ECF

System:


Gary S. Graifman
Michael L. Braunstein
Kantrowitz, Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York  10977

Howard T. Longman
Mark Levine
Stull, Stull & Brody
6 East 45th Street, Suite 500
New York, New York  10017

Matthew Mendelsohn
David A. Mazie
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068


*s/ E. Paul Cauley, Jr.*
E. Paul Cauley, Jr.

5

DL/2833236v1