### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SZYMCZAK, STEFAN SCHUELE, KIM DREHER, MARIO LOPEZ, MELANIE RIVERA, KATRINA BOYD, ANGELA GREATHOUSE, CORNELIUS JACKSON, DAVID SIMONS, LOLITA DILLARD, and ANNE STEWART, individually and on behalf of others similarly situated, | |
| Plaintiffs, | Civil Action No.: 10-CV- 07493 (VLB) |
| vs. | |
| NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD., | |
| Defendants. | |
| TIM McELROY, individually and on behalf of others similarly situated, | |
| Plaintiff, | Civil Action No.: 1:12-CV-01495 (CM) |
| vs. | |
| NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD., | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION OF CASES AND FOR APPOINTMENT OF CO-LEAD COUNSEL

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      CONSOLIDATION OF THE WTIHIN ACTION WILL CONSERVE BOTH
           JUDICIAL RESOURCES AND THOSE OF THE PARTIES AND THE
           RELATED ISSUES WARRANT CONSOLIDATION . . . . . . . . . . . . . . . . . . . . 4

    II.    PLAINTIFFS MOVE FOR THE APPOINTMENT OF COUNSEL FOR
           THE SZYMCZAK PLAINTIFFS AS CO-LEAD COUNSEL . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

i

## TABLE OF AUTHORITIES

**CASES**

*Fields v. Biomatrix, Inc.,* 198 F.R.D. 451(D.N.J. 2000) ................................ 4

*In Re: Nissan Radiator/Transmission Cooler Litigation,* 10-cv-07493 (S.D.N.Y.) ........... 3

*Johnson v. Celotex Corp.,* 899 F.2d 1281(2d Cir.) ................................... 4

*Johnson v. Nissan North America, Inc,* 3:12-cv-00134 (N.D. TX 2012.) ................... 2

*McElroy, et al. v. Nissan North America, Inc. and Nissan Motor Co., Ltd.,*
2:12-cv-1422 (C.D. Cal. 2012) .................................................... 2

*Pearlman v. Cablevision Systems Corp.,* 2011 WL 477815 (E.D.N.Y. 2011) ................ 4

**STATUTES, RULES AND REGULATIONS**

28 U.S.C. §1404(a) ............................................................. 2

Fed.R.Civ. P. Rule 23(g) ........................................................ 3

Fed. R. Civ. P. 23(g)(1)(B)-(C). .................................................. 5

Fed.R.Civ.Proc. Rule 42 ........................................................ 4

## INTRODUCTION

Plaintiffs William Szymczak, Stefan Schuele, Kim Dreher, Mario Lopez, Melanie Rivera, Katrina Boyd, Angela Greathouse, Cornelius Jackson, David Simons, Lolita Dillard, and Anne Stewart (the "Szymczak Plaintiffs") respectfully move this Court to enter an order consolidating two actions currently pending in this District, as well as providing for consolidation into the consolidated action, of any subsequently transferred or filed actions in this District which arise out of the same factual allegations. These allegations concern a manufacturing defect, known to Defendants, in the Class Vehicles,[1] which caused radiator coolant to leak into and contaminate the vehicles' transmission. The Szymczak Plaintiffs also seek to have their counsel, the firms of Kantrowitz, Goldhamer & Graifman, P.C., Stull, Stull & Brody and Mazie, Slater, Katz & Freeman, LLC, appointed as co-lead counsel of the consolidated action as provided for in the Proposed Order, entitled Pre-Trial Order No. 1, submitted herewith.

On September 30, 2010, Plaintiff William Szymczak filed the first complaint in this action (the "*Szymczak* Action") [See Docket, Class Action Complaint filed September 30, 2010, at Docket No. 1]. Thereafter, on January 14, 2011, Plaintiff Szymczak together with ten additional plaintiffs filed a Class Action Amended Complaint asserting claims on behalf of a nationwide class, or alternatively, state classes for putative class members who purchased the defective vehicles in or resided in New York, New Jersey, Connecticut, Pennsylvania, Florida, Georgia and Tennessee. [See Docket, Class Action Amended Complaint filed January 14, 2011, at Docket No. 4]. Thereafter, on January 17, 2012, the Szymczak Plaintiffs filed a Second Amended Complaint, which is the current operative complaint. See Declaration of Gary S. Graifman ("Graifman Decl."), Exhibit "A" thereto.

---

[1] The term "Class Vehicles" is defined in both actions to include the following vehicles: Nissan Pathfinder, Xterra , Frontier and Infiniti FX, model years 2005 through 2010.

On January 13, 2012, some 16 months after the initial Szymczak complaint was filed, a similar action was filed by Tim McElroy, in the Superior Court of the State of California for the County of Los Angeles entitled, *McElroy, et al. v. Nissan North America, Inc. and Nissan Motor Co., Ltd.* ("*McElroy* Action"). A copy of the McElroy Complaint is annexed as Exhibit "B" to the Graifman Decl. A comparison of that action with the Szymczak Complaint demonstrates that it was copied virtually verbatim out of the Szymczak Complaint, including the definition of the Class Vehicles (*e.g.*, compare Graifman Decl.'s Exhibit "B" (McElroy Complaint) with Exhibit "A" (Szymczak Complaint). The *McElroy* Action was removed by Defendants to the United States District Court for the Central District of California (Case No. 2:12-cv-1422). The Judge assigned to the matter, Hon. Percy Anderson, noting the Szymczak action in the Southern District of New York was a similar, prior pending action involving the same allegations, transferred the matter pursuant to 28 U.S.C. §1404(a), *sua sponte*, to the Southern District of New York. The *McElroy* Action is now pending in this District and has been assigned to the Honorable Coleen McMahon, U.S.D.J.

A third related action was filed on November 28, 2011, by David and Phyllis Johnson, in the 439th Judicial District Court for Rockwell County Texas and was removed to the United States District Court for the Northern District of Texas—Dallas Division on January 13, 2012 (Case No. 3:12-cv-00134). That action is entitled *Johnson v. Nissan North America, Inc.* (the "*Johnson* Action"). Although not yet transferred to the Southern District of New York, that action is the subject of an MDL Proceeding commenced by Defendants. Moreover, the Johnson Plaintiff have agreed to seek to have the *Johnson* Action also transferred to the Southern District of New York (See Graifman Decl., ¶ 6).

All of the complaints allege that the Class Vehicles contain a defect which causes the radiator cooling fluid to leak into the transmission cooler and to contaminate and essentially destroy the transmission and related parts.

2

The Szymczak Plaintiffs now move for consolidation of the related *McElroy* Action in order to conserve both judicial resources and those of the parties and to seek to avoid conflicting determinations as the case progresses. Proposed Pre-Trial Order No. 1, submitted herewith, also provides that related cases which have the same core issues and facts that are either transferred to or filed in this jurisdiction will also be consolidated with the *Szymczak* Action under the consolidated caption, *In Re: Nissan Radiator/Transmission Cooler Litigation*, 10-CV-07493 (VLB).

The Szymczak Plaintiffs also move, pursuant to Fed.R.Civ.Proc. Rule 23(g) to have their counsel appointed as lead counsel of the consolidated action. The Szymczak Plaintiffs are represented by the firms of Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"), Stull, Stull & Brody ("SSB") and Mazie, Slater, Katz & Freeman, LLC ("MSK&F") who herein seek to be appointed as Co-Lead Counsel ("Proposed Lead Counsel"). All three firms have extensive experience in class action litigation, have sufficient resources to prosecute this case and have brought their case the furthest in the litigation to date, as compared to the other two cases.

The stage of the litigation of the *Szymczak* Action is much more developed than either the *McElroy* Action or the *Johnson* Action. The Amended Complaint has been the subject of full briefing and this Court's determination on a motion to dismiss and plaintiffs have submitted their second amended complaint. In addition, currently Defendants have pending a motion to strike, or in the alternative to dismiss, certain allegations in the SAC. Furthermore, schedules have been set and discovery on the jurisdictional issues raised by the motion has commenced.[3]

---

[3] Currently, the defendants are considering a proposed stipulation proffered by plaintiffs on the jurisdictional issue in lieu of deposition.

## ARGUMENT

I.   **CONSOLIDIATION OF THE WITHIN ACTIONS WILL CONSERVE BOTH JUDICIAL RESOURCES AND THOSE OF THE PARTIES AND THE RELATED ISSUES WARRANT CONSOLIDATION**

Pursuant to Fed.R.Civ.Proc. Rule 42, if the actions before the court "involve common questions of law or fact," the court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." The within actions all revolve around the common operative facts concerning the defective radiator and transmission, and when and how the Defendants became aware of and sought to remedy the defect. Discovery in both these actions (as well as the *Johnson* Action) will involve the same issues. Document production and depositions will be identical in virtually all respects. There is no reason to have two separate groups of counsel pursuing the same claims independently.

Because the Actions involve class action claims on behalf of the purchasers or lessees of the same class vehicles and assert similar and overlapping class claims for relief, consolidation is appropriate, as the actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) *citing Johnson v. Celotex Corp., supra; Pearlman v. Cablevision Systems Corp.*, 2011 WL 477815 (E.D.N.Y. 2011) (identical causes of action "rooted in virtually identical factual allegations" lead to consolidation). That test is met here and the Actions should be consolidated. In addition, such consolidation will serve to avoid unnecessary cost or delay in numerous ways. From the parties' standpoint, consolidation will allow for one unified set of discovery requests and responses, one set of motions concerning class certification, and a unified resolution of discovery disputes that may arise. From the Court's vantage point, the need to address and/or resolve multiple motions concerning the same subject matter provides unnecessary cost, delay or use of judicial resources. Accordingly, consolidation is appropriate herein.

4

II.     **PLAINTIFFS MOVE FOR THE APPOINTMENT OF COUNSEL FOR THE
        SZYMCZAK PLAINTIFFS AS CO-LEAD COUNSEL**

The Szymczak Plaintiffs respectfully request that KGG, SSB and MSK&F ("Proposed Lead Counsel"), given their expertise and experience, location in the New York area where the cases are pending, and given their current investment of time, resources and expertise in this litigation, are well-suited to serve in the role of co-lead counsel and should therefore be appointed co-lead counsel.

As is detailed in the accompanying Declaration of Gary Graifman, Esq. and the firm resumes attached thereto as Exhibits "D," "E" and "F," all three firms are eminently qualified to serve as co-lead counsel in this case, because of their history of leadership in other cases, their experience and expertise in cases involving allegations closely analogous to those made in this case (*id.*), and because of the extensive investment of time and resources already made in this action. Graifman Decl. ¶ 20. *See* Fed. R. Civ. P. 23(g)(1)(B)-(C).

All three firms have served as co-lead counsel in various recent class consumer fraud litigation, and other cases involving allegations of the genre at issue in this case, that is, breach of warranty, unconscionability and violation of consumer fraud statutes concerning defective products in the context of consumer fraud class actions. Graifman Decl. at ¶¶ 13-19 and Exhibits "D" through "F").

In addition, Proposed Lead Counsel are otherwise very familiar with cases involving allegations identical to those made in this case. For instance, KGG and SSB have served as co-lead counsel in an automobile defect case settled against DaimlerChrysler in which the parties reached a settlement worth approximately $14 million to class members, who were owners and lessees of Jeep Vehicles with defective brakes and rotors. Recently these two firms litigated and settled a class action against one of the defendants herein, Nissan North America, Inc. concerning a vehicle defect in the Infiniti G35x for a class of New Jersey purchasers in which

5

nearly all out-of-pocket losses of class members were recovered.

MSK&F, has been appointed class counsel in numerous actions including: *Dewey v. Volkswagen*, (D.N.J. 07-CV-2249-FSH-PS)(comprehensive automotive class action settlement involving 3 million vehicles owned or leased by approximately 5.5 million Class Members over the course of 12 years, providing a unique set of monetary and non-monetary benefits); *Alin v. American Honda Motor Co., Inc.*, (D.N.J. 2:08-cv-04825)( nationwide class action settlement preliminarily approved on behalf of 2.4 million Honda vehicle owners alleging defects in their vehicles air-conditioning systems); *Neale v. Volvo Cars of North America, LLC* (D.N.J. Civ. Ac. No. 2:10-cv-4407 (DMC/JAD)) (appointed Interim Co-Class Counsel in case against Volvo involving water leaks in certain vehicles); *Sutter, M.D. v. Horizon*, (Docket No. ESX-L-3685-02) (Settlement of 20,000 member physician class in which Class Members received injunctive relief benefits valued between $36 million and $55 million); *Kirsch, D.D.S. v. Horizon*, (Docket No. ESX-L-4216-05) (20,000 dental provider class); *Kirsch, D.D.S. v. Horizon*, (Docket No. ESX-L-109-08) (8,000 dental provider class)*; Sutter, M.D. v. Oxford Health Plans* (AAA Case No. 18 193 20593 02) (20,000 physician class); *Kampf v. Comcast*, (Docket No.: ESX-L-9194-97) (class certified and settlement approved in case involving a class of approximately 60,000 Comcast subscribers who challenged a change in their cable services)

Proposed Lead Counsel also have substantial experience in the discovery, expert discovery, trial preparation, and briefing of cases analogous to the instant action at both the trial and appellate levels, experience that entitles Proposed Lead Counsel to seek appointment as co-lead counsel.

## CONCLUSION

For any or all of the above reasons, the Szymczak Plaintiffs respectfully request that the Court enter the proposed Pre-Trial Order No. 1 (i) granting consolidation of the Actions; (ii) appointing the firms of Kantrowitz, Goldhamer & Graifman, P.C., Stull, Stull & Brody and

Mazie, Slater, Katz & Freeman, LLC as co-lead counsel; (iii) and for such other and further relief as to the Court appears just and proper.

Dated: March 16, 2012

*s/Gary Graifman*
Gary Graifman, Esq.
**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570

Howard T Longman, Esq.
**STULL, STULL & BRODY**
6 East 45th Street, Suite 500
New York, NY 10017
Tel: (212) 687-7230

Matthew Mendelsohn
David A. Mazie
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel:  (973) 228-9898

*Attorneys for the Szymczak Plaintiffs*

7