IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SZYMCZAK, STEFAN SCHUELE, KIM DREHER, MARIO LOPEZ, MELANIE RIVERA, KATRINA BOYD, ANGELA GREATHOUSE, CORNELIUS JACKSON, DAVID SIMONS, LOLITA DILLARD, and ANNE STEWART, individually and on behalf of others similarly situated,<br><br>                      Plaintiffs,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>                      Defendants. | Civil Action No.: 10-CV- 07493 (VLB)<br><br>**DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND FOR APPOINTMENT OF CO-LEAD COUNSEL** |
| TIM McELROY, individually and on behalf of others similarly situated,<br><br>                      Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>                      Defendants. | Civil Action No.: 1:12-CV-01495 (CM) |

**GARY S. GRAIFMAN**, being first duly sworn, hereby declares as follows:

1. I am a member of the firm of Kantrowitz Goldhamer & Graifman, P.C. and am admitted to practice before this Court and in the State of New York and am fully familiar with the matters set forth below.

2. I submit this Declaration in Support of Plaintiffs' Motion for consolidation of the above-captioned actions filed against Nissan North America, Inc. and Nissan Motor Corp, Ltd., which arise out of the same operative facts, and for appointment of lead counsel pursuant to Fed.R.Civ.Proc. Rule 23(g).

3. On September 30, 2010, Plaintiff William Szymczak filed the first complaint of the two class actions captioned in this Notice of Motion. Thereafter, on January 14, 2011, Plaintiff

Szymczak together with ten additional plaintiffs (the "Szymczak Plaintiffs") filed an amended class action complaint asserting claims on behalf of a nationwide class, or alternatively, state classes for putative class members who purchased the defective vehicles in or resided in New York, New Jersey, Connecticut, Pennsylvania, Florida, Georgia and Tennessee. Thereafter, on January 17, 2012, the Szymczak Plaintiffs filed a Second Amended Class Action Complaint. Annexed here as Exhibit "A" is the Second Amended Class Action Complaint filed by the Szymczak Plaintiffs.

4. On January 13, 2012, some 16 months after the initial Szymczak complaint was filed, a similar action was filed by Tim McElroy, in the Superior Court of the State of California for the County of Los Angeles entitled, *McElroy, et al. v. Nissan North America, Inc. and Nissan Motor Co., Ltd.* ("*McElroy* Action"). A comparison of that action's complaint with the Szymczak Complaint demonstrates that the *McElroy* Complaint was copied virtually verbatim out of the Szymczak Complaint, including the definition of the Class Vehicles and the Class. In fact, the *McElroy* action purports to seek a national class under California law according to the definition that he copied from the *Szymczak* complaint, but it is apparent that he is only seeking a state wide class. Annexed here as Exhibit "B" is the *McElroy* Complaint (Compare, the Szymczak Plaintiffs Complaint, annexed here as Exhibit "A" with Exhibit "B").

5. The *McElroy* Action was removed by Defendants to the United States District Court for the Central District of California (Case No. 2:12-cv-1422). The Judge assigned to the matter, Hon. Percy Anderson, noting the *Szymczak* action in the Southern District of New York was a similar, prior pending action involving the same allegations, transferred the matter pursuant to 28 U.S.C. §1404(a), *sua sponte*, to the Southern District of New York. The case is now pending in the Southern District of New York and had been assigned to the Hon. Coleen McMahon.

6. Although not yet transferred to the Southern District of New York, a third action filed by David and Phyllis Johnson, on November 28, 2011 in the 439th Judicial District Court for Rockwell County Texas was removed to the United States District Court for the Northern District of Texas—Dallas Division on January 13, 2012 (Case No. 3:12-cv-00134). That action is entitled *Johnson v. Nissan North America, Inc.* (the "*Johnson* Action"). We have been in direct communication with Plaintiffs' counsel in the *Johnson* Action. Counsel in the *Johnson* action has agreed that the Southern District of New York is the most appropriate forum for their action and that the *Johnson* Plaintiffs will seek to have that case transferred to this district. In addition, Defendants' counsel has informed Declarant that they agree to such transfer to this District and will cooperate in accomplishing such transfer. A copy of the Johnson Complaint is annexed hereto as Exhibit "C." The terms of the Proposed Order submitted herewith contemplates that, if granted, any future related actions transferred to this district will also be consolidated into the pending actions (including the *Johnson* Action)

7. All three complaints allege that the subject Nissan vehicles contain a defect which causes the radiator cooling fluid to leak into the transmission cooler and to contaminate the transmission and related parts with antifreeze liquid. The complaints all further allege that the contamination destroys the transmission.

8. In addition to consolidation of the two actions currently pending in this district, the Szymczak Plaintiffs also seek appointment of their counsel as co-lead counsel under Fed.R.Civ.Proc. Rule 23(g). The Szymczak Plaintiffs are represented by the firms of Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"), Stull, Stull & Brody ("SSB") and Mazie, Slater, Katz & Freeman, LLC ("MSK&F") and seek their appointment as Co-Lead Counsel ("Proposed Lead Counsel"). All three firms have extensive experience in class action litigation, have sufficient resources to vigorously prosecute this case and have brought the Szymczak Acton the furthest in

3

the litigation to date, as compared to the other two cases.

9. A copy of the Firm Resume for KGG is annexed hereto as Exhibit "D."

10. A copy of the Firm Resume for SSB is annexed hereto as Exhibit "E."

11. A copy of the Firm Resume for MSK&F is annexed hereto as Exhibit "F."

12. It is believed that the early appointment of lead counsel and transfer to this Court of any subsequently filed related cases will best ensure that both the prosecution and defense of this case continues to proceed in a timely and orderly manner. Indeed, the benefit in appointing lead counsel in complex actions such as this one is plain. The Second Circuit explained:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation.

*MacAlister*, 263 F.2d at 69. *See also In re Comverse Tech., Inc. Deny. Litig.* 2006 WL 3761986 at *2-3 (appointing lead counsel in derivative actions). In addition, the *Manual for Complex Litigation* recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. See MCL 4th §22.62.

13. My firm and I have litigated numerous cases involving class actions, including consumer class action matters, some of which have resulted in reported decisions, including cases of first impression.

14. In a settlement of a nationwide consumer fraud class action on behalf of 11,000 businesses who had been defrauded by the telephone company, Norvergence, and various equipment leasing companies, the New Jersey Superior Court approved a partial settlement with CIT Technology Financing, U.S. Bancorp, De Lage Laden Leasing and two other leasing companies on June 30, 2006. Kantrowitz Goldhamer & Graifman, was Co-Lead Counsel. The presiding Judge, Judge Robert Coogan stated that: "The class counsel at bar . . . are well qualified,

4

they are experienced in class action litigation. Counsel have vigorously pursued this litigation in this court, and although it's a rounded number, it has been two years, almost. [W]hat was shown here and what leads me to acknowledge this is the dimension, the worthiness, the scope of the advocacy, and the overall professional presentation, both in terms of the pleadings and here in the courtroom. . . . I'm satisfied that counsel who have accepted the responsibility of appearing on behalf of the named plaintiffs have fairly and adequately represented the interest of the class. Adequately I use only because that's the standard. The reality here is that it was superior work."

15. In another settlement of a nationwide class action against the vehicle manufacturer DaimlerChrysler, alleging defective brake assemblies for Jeep Grand Cherokees, I, along with proposed co-lead counsel SSB, served as co-lead counsel for the class. In approving the settlement valued at approximately $14 million, the Court (Hon. Jonathan N. Harris, New Jersey Super. Ct., Bergen Co.) stated: "[P]laintiffs' counsel engaged in careful and extensive research, investigation, and analysis of the facts and circumstances surrounding the conduct of defendants' business practices. I conclude that class counsel have a sufficient basis upon which to assess the strengths and weaknesses of the claims and the terms of the settlement."

16. Furthermore, plaintiffs' counsel, in another class action settled in the U.S. District Court for the Northern District of California, in which the KGG Firm and the SSB firm were co-lead counsel (entitled *In re Rambus Inc. Securities Litigation*, 06-cv-4346 (N.D. Ca.)), achieved an $18 million settlement approved by the U.S. District Court in a securities fraud matter involving backdated options. The U.S. District Court Judge, Jeremy Fogel, stated in approving the settlement that "[i]t appears that the class will receive more money than is typical in these types of cases, certainly in backdating cases. This is a substantial settlement. So, I am satisfied in terms of an independent review and adequacy of the settlement that it is fair and adequate." (From Transcript of Final Approval Hearing, dated May 14, 2008).

17. As noted above, annexed hereto as Exhibit "D" is my firm's resume which sets forth representative examples of class action, complex business litigation and reported cases of note that the Firm took an active role in and in which I acted as co-lead or liaison counsel.

18. As noted above, annexed hereto as Exhibit "E" is the firm resume for SSB. SSB is firm which devotes itself exclusively to class action litigation, primarily those brought pursuant to both federal and state securities laws, as well as shareholder derivative actions and demands. Present counsel in this action, Howard Longman, was co-lead counsel in the action entitled, *In re Peregrine Systems, Inc. Sec. Litig.*, (Civil Action No. 02-CV-870) in the Southern District of California before Judge Roger Benitez. Counsel in *Peregrine* achieved a recovery on behalf of the Class of over $117 million. SSB was also co-counsel along with KGG in a class action against Nissan alleging vehicular defects, entitled *Sheris v. Nissan*, (C.A. No. 077-02516(WW)) in which class members received virtually their entire out of pocket losses for repair and replacement of the defective brakes. There are many other cases which are contained in the attached resume, demonstrating settlements collectively of over $1 billion, too numerous to discuss here.

19. As noted above, annexed hereto as Exhibit "F" is the firm resume of MSK&F. MSK&F, has been appointed class counsel in numerous actions including: Dewey v. Volkswagen, (D.N.J. 07-CV-2249-FSH-PS)(comprehensive automotive class action settlement involving 3 million vehicles owned or leased by approximately 5.5 million Class Members over the course of 12 years, providing a unique set of monetary and non-monetary benefits); Alin v. American Honda Motor Co., Inc., (D.N.J. 2:08-cv-04825)( nationwide class action settlement preliminarily approved on behalf of 2.4 million Honda vehicle owners alleging defects in their vehicles air-conditioning systems); Neale v. Volvo Cars of North America, LLC (D.N.J. Civ. Ac. No. 2:10-cv-4407 (DMC/JAD)) (appointed Interim Co-Class Counsel in case against Volvo involving water leaks in certain vehicles); Sutter, M.D. v. Horizon, (Docket No. ESX-L-3685-02) (Settlement

of 20,000 member physician class in which Class Members received injunctive relief benefits valued between $36 million and $55 million); and Kampf v. Comcast, (Docket No.: ESX-L-9194-97) (class certified and settlement approved in case involving a class of approximately 60,000 Comcast subscribers who challenged a change in their cable services), among other cases (See Exhibit "F").

20. To date, KGG, SSB and MSK&F have vigorously litigated this matter. The firms have already conducted a significant amount of work investigating the claims asserted in the instant action, interviewed and have been retained by plaintiffs throughout the country, consulting with experts, organizing and attending a preliminary attempt at early private mediation, researching and briefing the motion to dismiss, organizing a multi-state putative class, responding to potential class members from around the country, propounding discovery relating to the jurisdictional issues in the case, and working directly with Defendants' counsel in attempts to resolve discovery issues. My Firm and my-counsel will continue to commit any and all resources necessary to zealously prosecute this action on behalf of Plaintiffs and the Class and on behalf of the named plaintiffs and represented classes of the actions for which consolidation is sought.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed on the 15th day of March, 2012.

GARY S. GRAIFMAN