```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIAM SZYMCZAK, STEFAN SCHUELE,            :
KIM DREHER, MARIO LOPEZ, MELANIE             :
RIVERA, KATRINA BOYD, ANGELA                 :
GREATHOUSE, CORNELIUS JACKSON,               :
DAVID SIMONS, LOLITA DILLARD, and            :
ANNE STEWART, individually and on behalf of  :
others similarly situated,                   :
                Plaintiffs,                  :
                                             :       MEMORANDUM DECISION
v.                                           :
                                             :       10 CV 7493 (VB)
NISSAN NORTH AMERICA, INC., and              :
NISSAN MOTOR CO., LTD.,                      :
                Defendants.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

After dismissing several of plaintiffs' claims with prejudice and several without prejudice, the Court granted plaintiffs leave to file a second amended complaint. Plaintiffs did so on January 17, 2012. (Doc. #34.) Defendants have moved (Doc. #40) to strike certain claims from the second amended complaint because such claims had been dismissed with prejudice. Plaintiffs have not filed a response to the motion. For the following reasons, the motion is GRANTED.

## BACKGROUND

The claims which are subject of defendants' motion are: (1) violation of the New Jersey Consumer Fraud Act (SAC ¶¶ 104-113);[1] (2) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (SAC ¶¶ 114-123); (3) traditional breach of express warranty claims (SAC ¶ 165); and (4) unjust enrichment claim under Florida law (SAC ¶¶ 177-

---

[1] All citations to "SAC" refer to the second amended complaint.

1


182).

Each of these claims were dismissed with prejudice in the Court's previous ruling. See Szymczak v. Nissan N. Am., Inc., 2011 U.S. Dist. LEXIS 153011, at *23, *49, *50, *58-59 (S.D.N.Y. Dec. 16, 2011).

**DISCUSSION**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In deciding whether to strike immaterial or impertinent matter from a pleading under Rule 12(f), "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976); Wahlstrom v. Metro-North Commuter R.R. Co., 1996 U.S. Dist. LEXIS 17479, 1996 WL 684211, at *2 (S.D.N.Y. Nov. 25, 1996) ("It is well-settled law that motions under Rule 12(f) are disfavored and are rarely granted."). "Matters should be stricken on the basis of impertinence only where the allegation bears no possible relation whatsoever to the subject matter of the litigation." Wahlstrom, 1996 U.S. Dist. LEXIS 17479, 1996 WL 684211, at *2; see also Cambridge Toxicology Group v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007) (affirming striking of claims which had already been resolved by district court).

It is clear plaintiffs revised certain of the reasserted claims; the relevant allegations in the second amended complaint are not identical to those in the first amended complaint. Nonetheless, these claims were dismissed with prejudice in the Court's previous ruling. To the Court, the revisions to the allegations are insufficient to resuscitate these claims. Had plaintiffs wished to identify how these allegations properly state a claim, they should have responded to the motion. Therefore, plaintiffs' claims under the New Jersey Consumer Fraud Act and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law are hereby stricken. Also stricken are plaintiffs' claim based on a traditional breach of express warranty theory and plaintiffs' unjust enrichment claim on behalf of plaintiff Simons, who resides in Florida. Plaintiffs are instructed to file a third amended complaint which does not contain allegations relating to counts previously dismissed with prejudice by no later than April 3, 2012.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to strike.

The Clerk is instructed to terminate defendants' motion (Doc. #40).

Dated: March 26, 2012
White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge.