MAR. 28. 2012 10:47AM    KGG 8452564335                                  NO. 3571    P. 2/11

MEMO ENDORSED

LAW OFFICES
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
747 CHESTNUT RIDGE ROAD - SUITE 200
CHESTNUT RIDGE, NEW YORK 10977-6216

PAUL B. GOLDHAMER*
BARRY S. KANTROWITZ†*
GARY S. GRAIFMAN*
RANDY J. PERLMUTTER*

WILLIAM T. SCHIFFMAN*
REGINALD H. RUTISHAUSER°
JOHN M. CHAKAN*
MICHAEL L. BRAUNSTEIN·
DANIEL B. SCHWARTZ

OF COUNSEL
STEVEN B. ROTHSCHILD
JEFFREY F. ORLON, P.A., P.C.

*N.Y. & N.J. BAR
†FLA. BAR

(845) 356-2570
FAX # (845) 356-4335
www.kgglaw.com

NEW JERSEY
SUMMIT AVE.
MONTVALE, N.J. 07645
(201) 391-7000
FAX (201) 307-1088



RECEIVED MAR 2 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/12

APPLICATION GRANTED
SO ORDERED
VINCENT L. BRICCETTI  3/29/12
U.S.D.J.

The Memorandum Decision and order dated 3/26/12 (Doc #49) is vacated, and the motion to strike (Doc #40) is restored to the calendar

March 28, 2012

*Via Facsimile Transmission*

Hon. Vincent L. Briccetti
U.S. Dist. Court, S.D.N.Y.
Federal Bldg. & U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:  **William Szymczak, et al. v. Nissan North America, Inc.**
     Case No. 10-cv-07493 (JFM)(PD)

Dear Judge Briccetti:

I am one of the co-counsel for Plaintiffs in the above captioned matter and write with regard to Defendants' Motion to Strike and the Memorandum Decision entered in the above captioned action [Docket No. 49]. As this Court noted in its decision, the plaintiffs did not file a response to the defendants' motion to strike. The reason plaintiff did not submit a response was that on March 22, 2012 the parties submitted to the Clerk of the Court a signed Stipulation and [Proposed] Order, requesting extension of the Plaintiffs' time to respond to the Motion to Strike, as well as extending certain other deadlines, until resolution of the Motion to Transfer in the MDL proceeding and plaintiffs' pending Motion to Consolidate.[1] (*See* copy of email dated March

[1] The other deadline which the Stipulation and [Proposed] Order sought to stay, pending a decision in the MDL or on the Motion to Consolidate, was the Defendants' time to respond to

22, 2012 from Nina S. McDonald, Esq., counsel for Defendants, to Clerk of the Court and copy of signed Stipulation and [Proposed Order] to the Court which was attached to the email attached hereto as Exhibit A.)

Based on a call by counsel for the parties to Chambers yesterday and the Memorandum Decision granting the motion to strike, it appears that your Honor never actually received the signed Stipulation and [Proposed] Order and, therefore, found that Plaintiffs, having not responded, were defaulting on the Defendants' Motion to Strike. However, plaintiffs had and have every intention of responding to the defendants' motion to strike, but believe, as do defendants, that in light of recent developments it makes sense that such response not be piecemeal, but be done in response to any motion directed against allegations in a consolidated complaint, which would supplant the proposed Second Amended Complaint. These recent developments include: the filing of an MDL proceeding, and the subsequent transfer of a substantially similar action from the Central District of California, entitled *McElroy v. Nissan North America*, 1:12-cv-01495, now pending in this Court before Judge McMahon, as well as the impending transfer to this District of another action from the Northern District of Texas, entitled *Johnson v. Nissan North America*, (See copy of Order of Northern District of Texas entered 3/22/12 granting Joint Motion to Lift Stay and Transfer Action, attached as Exhibit B to this letter).

Thus, the parties respectfully submit that adjourning the various deadlines until the MDL is resolved and the motion to consolidate is decided is the most efficacious way to proceed. Plaintiffs also agree with defendants that it would be more efficient for them to provide

the jurisdiction discovery with respect to NMC, the Japanese entity.

2

jurisdictional discovery once forum/venue and consolidation issues are resolved and, as the Stipulation and [Proposed] Order provides, seek the Court's endorsement to stay the deadlines contained in the parties previously submitted endorsed Stipulation (Dkt. No. 44).

Because Plaintiffs fully intend to respond to the defendants' motion to strike, but did not because the parties submitted the Stipulation and [Proposed] Order to the Court staying the time to respond, we respectfully request that the Memorandum Decision granting the Motion to Strike be vacated, and the Stipulation and Proposed Order that had been electronically submitted to the Clerk of the Court on March 22, 2012 jointly by the parties be entered.

In addition, the parties would also be available for a conference by telephone or in person upon the Court's request.

Respectfully submitted,

Gary S. Graifman

GSG:cdc
Encl.
cc: All Counsel *(via email)*