IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SZYMCZAK, STEFAN SCHUELE, KIM DREHER, MARIO LOPEZ, MELANIE RIVERA, KATRINA BOYD, ANGELA GREATHOUSE, CORNELIUS JACKSON, DAVID SIMONS, LOLITA DILLARD, and ANNE STEWART, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>      Defendants. | Civil Action Number:<br>7:10-cv-07493(VB)<br><br>**Document Filed Electronically** |

---

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT NISSAN NORTH AMERICA, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT AS
CO-LEAD COUNSEL**

---

      SEDGWICK LLP
      *Attorneys for Defendant*
      NISSAN NORTH AMERICA, INC.
      125 Broad Street, 39th Floor
      New York, New York 10004
      Telephone: (212) 422-0202
      Facsimile: (212) 422-0925
      david.covey@sedgwicklaw.com

      1717 Main Street, Suite 5400
      Dallas, TX  75201
      Telephone: (469) 227-8200
      Facsimile: (469) 227-8004
      paul.cauley@sedgwicklaw.com

1

INTRODUCTION

Nissan North America, Inc. ("NNA") opposes Plaintiffs' Motion for Appointment of Co-Lead Counsel because it is unnecessary and premature. The appointment of interim co-lead counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure is a device designed to alleviate discord and confusion when multiple overlapping class actions are pending in the same court. There are currently no other similar putative class actions against NNA pending in this court and Plaintiffs have identified no imminent prospect of discord and confusion. If and when consolidation occurs and there are multiple class actions pending, the Court may consider whether the appointment of lead counsel is necessary. Until then, such a designation serves no proper purpose.

I. GROUNDS FOR APPOINTMENT OF INTERIM CLASS COUNSEL DO NOT EXIST.

    A. **The Rule Is Designed to Address Conflict Among Competing Class Actions Within the Court's Jurisdiction.**

Plaintiffs attempt to invoke Federal Rule of Civil Procedure 23(g)(3) providing that "[t]he court *may* designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3) (emphasis added). The subsection was added to the Federal Rules in 2003 as FED. R. CIV. P. 23(g)(2)(A). The Advisory Committee Notes make clear that the purpose of the Rule is to provide a means to reconcile competing claims among plaintiff's counsel when multiple overlapping class actions are pending in the same court. *See* Advisory Committee Notes, FED. R. CIV. P. 23(g)(2)(A) ("Before class certification . . . there may be rivalry or uncertainty that makes formal designation of interim class counsel appropriate."). The appointment of interim counsel is typically employed where multiple class actions have been consolidated into the same court. *White v. Trans Union*, 239

F.R.D. 681 (C.D. Cal. 2006); *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at *1 (S.D. Ill May 10, 2006).

As Plaintiffs' Motion notes, one of the actions similar to this case, *Tim McElroy v. Nissan North America, Inc. and Nissan Motor Co., Ltd.*, was transferred from the Central District of California to this District and is presently pending under Cause No. 1:12-cv-01495, in Judge McMahon's court of the Southern District of New York ("*McElroy*").  After Plaintiffs filed their Motion, on March 22, 2012, a third similar action, *Johnson, et al. v. Nissan North America, Inc.*, was transferred to this District, and on March 27, 2012 was assigned Cause No. 7:12-cv-02149 ("*Johnson*").  The *Johnson* matter has not yet been assigned to a judge in the Southern District of New York.  Neither action has yet been consolidated in this Court.

Further, NNA has filed with United States Judicial Panel on Multidistrict Litigation (the "JPML") a Motion for Transfer and Consolidation of the three similar actions (*Szymczak*, *McElroy*, and *Johnson*).  Response briefs are due to be filed on April 10, 2012, and NNA expects the JPML to set its Motion for hearing on May 31, 2012.  If and until consolidation occurs, whether by this Court or the JPML, there are no competing putative class actions pending in this Court.  There is only one set of attorneys representing one group of clients.  The appointment of lead counsel is premature particularly in light of the fact that the parties and counsel in the other cases are not currently before the Court and may have their own ideas as to proper representation.

### B. Appointment of Interim Class Counsel Would Not Resolve Any Potential Conflicts.

Plaintiffs' Motion does not show that the mere existence of other similar lawsuits has created rivalry or uncertainty among plaintiffs' counsel.  Moreover, the appointment of Plaintiff's counsel as interim class counsel would not alleviate any problems arising from

3

litigation in other cases. This Court does not control the proceedings in the other cases and the appointment of interim counsel would not be binding on parties and attorneys who are not before the court. Indeed, NNA's Motion for Transfer and Consolidation pending before the JPML has not yet been decided, and it is not certain that the JPML will grant NNA's Motion or, if granted, to what court the JPML will transfer the similar cases.

The parties to this action submitted a Stipulation to the Court on March 22, 2012, seeking an adjournment of all pending deadlines until the similar cases are consolidated by the JPML or by this Court. Thus, appointment of Plaintiffs' counsel as co-lead counsel would not alleviate potential interference with the trial court's docket. Until all the parties and attorneys are before the same court, however, any request for interim class counsel status is premature.

### C. There Is No Presently Existing Conflict In This Litigation Requiring Interim Counsel.

Counsel has not shown the need for an appointment to further *this* litigation. There is no visible rivalry among Plaintiffs' attorneys or other attorneys seeking to represent the named Plaintiffs in this matter. Unless and until certification occurs—an event extremely unlikely to occur—Plaintiffs' attorneys represent no one except the named Plaintiffs. There is no "uncertainty" to justify this premature appointment.

## II. PUBLIC POLICY REJECTS THE APPOINTMENT OF INTERIM CLASS COUNSEL WITHOUT SUBSTANTIAL JUSTIFICATION.

### A. The Appointment Short-Circuits Vital Protections for the Putative Class.

The appointment of interim counsel, though permitted by recent amendments to Rule 23, must be regarded an extraordinary measure requiring extraordinary justification. The actions of class counsel may affect the rights of thousands of individuals who did not retain them. Indeed, the protections of Rule 23 are largely designed to assure that the rights of absent class members are adequately protected. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

Accordingly, the designation of class counsel is a vital step in class litigation. Only through the requirement of "adequate representation" are the due process rights of the absent class members protected. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). *See also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001) ("…because absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times").

Defendants too have an interest in assuring adequate representation in class litigation. They wish to ensure that any judgment entered in their favor is not subject to collateral attack. *See Hansberry v. Lee*, 311 U.S. 32, 40, 42 (1940); *Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc.*, 439 F.3d 165 (2d Cir. 2006).

Ordinarily, class counsel status is not achieved until the court determines that the Rule 23 requirements of typicality and adequacy of representation have been satisfied—requirements specifically designed to protect the rights of absent class members. Moreover, the absent class member's rights are protected by the ability to opt-out of the proceedings. At this stage of the proceedings, however, Plaintiffs have not satisfied the Rule 23 requirements, and the putative class members have no right to opt-out of the proceeding. Plaintiffs' counsel seek to short-circuit the process and obtain class counsel status before the court determines that any of the requirements of certification have been satisfied. They seek to thrust themselves upon thousands of individuals who have never heard of them, much less hired them. Such a result can only be justified on the basis of judicial necessity—a presently existing need for a lawyer or group of lawyers to perform essential tasks on behalf of the putative class. Since no such necessity exists here the extraordinary relief sought should be denied.

### B. Appointment of Interim Class Counsel Would Create an Undesirable Precedent.

Plaintiffs' request to invoke the interim class counsel device under the circumstances presented here threatens to establish a dangerous precedent in the life of this still-new provision of Rule 23. If a Court were to appoint "interim class counsel" in the early stages of unexceptional putative class actions like this one, it would water down the principle that the Court should refrain from taking actions that affect the legal rights of persons not before the Court until after it has satisfied itself, through a rigorous analysis of the propriety of class litigation, that plaintiff meets her burden of proving that the prerequisites of Federal Rule of Civil Procedure 23. Plaintiffs' lawyers would habitually file early motions for appointment as interim class counsel in all cases, so that they can derive the strategic leverage that comes from having control over a class action before they have established that a class action is appropriate. This is contrary to the policies underlying Fed. R. Civ. P. 23 and contrary to good public policy.

This action is in its infancy. NNA intends to vigorously defend each phase of this action, including, of course, Plaintiffs' eventual motion for class certification. NNA believes Plaintiffs will be unable to meet the requirements of Rule 23. A court must conduct a rigorous analysis of the Rule 23 requirements before certifying a class. This Court should not allow Plaintiffs' counsel to gain the benefits of class status through the "back-door" through the premature appointment of interim class counsel. NNA respectfully moves the court to deny Plaintiffs' Motion for Appointment as Co-Lead Counsel.

### CONCLUSION

The portion of Plaintiffs' Motion seeking appointment as co-lead counsel is nothing more than an attempt to vest their counsel with added leverage over potential rival counsel without

complying with Rule 23.  They have not shown how the appointment would benefit the alleged class at this time. This Motion is premature at best and pernicious at worst. It should be denied.

Dated: March 30, 2012
New York, New York

Respectfully submitted,

*s/ David M. Covey*
David M. Covey  (DMC-3729)
david.covey@sedgwicklaw.com
Soo Y. Kim  (SK-5885)
soo.kim@sedgwicklaw.com
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, NY 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

E. Paul Cauley, Jr. (admitted *pro hac vice*)
TX Bar No. 04018900
paul.cauley@sedgwicklaw.com
S. Vance Witte (admitted *pro hac vice*)
TX Bar No. 21832980
vance.wittie@sedgwicklaw.com
Nina S. McDonald (admitted *pro hac vice*)
TX Bar No. 24056282
nina.mcdonald@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, TX  75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004

*Counsel for Defendant Nissan North America, Inc.*

**CERTIFICATE OF SERVICE**

I herby certify that on the 30th day of March 2012, I caused the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NISSAN NORTH AMERICA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT AS CO-LEAD COUNSEL** with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

> Gary S. Graifman
> Michael L. Braunstein
> Kantrowitz, Goldhamer & Graifman, P.C.
> 747 Chestnut Ridge Road
> Chestnut Ridge, New York  10977
>
> Howard T. Longman
> Mark Levine
> Stull, Stull & Brody
> 6 East 45th Street, Suite 500
> New York, New York  10017
>
> Matthew Mendelsohn
> David A. Mazie
> Mazie Slater Katz & Freeman, LLC
> 103 Eisenhower Parkway
> Roseland, New Jersey  07068

*s/ David M. Covey*
David M. Covey (DC-3729)