```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM SZYMCZAK, STEFAN SCHUELE,           :
KIM DREHER, MARIO LOPEZ, MELANIE            :
RIVERA, KATRINA BOYD, ANGELA                :
GREATHOUSE, CORNELIUS JACKSON,              :
DAVID SIMONS, LOLITA DILLARD, and           :
ANNE STEWART, individually and on behalf of :
others similarly situated,                  :
                Plaintiffs,                 :
                                            :     MEMORANDUM DECISION
v.                                          :
                                            :     10 CV 7493 (VB)
NISSAN NORTH AMERICA, INC., and             :
NISSAN MOTOR CO., LTD.,                     :
                Defendants.                 :
----------------------------------------------------------------x
TIM McELROY, individually and on behalf of  :
others similarly situated,                  :
                Plaintiff,                  :
                                            :
v.                                          :     12 CV 1495 (VB)
                                            :
NISSAN NORTH AMERICA, INC., and             :
NISSAN MOTOR CO., LTD.,                     :
                Defendants.                 :
----------------------------------------------------------------x
DAVID JOHNSON and PHYLLIS JOHNSON,          :
                Plaintiffs,                 :
                                            :
v.                                          :     12 CV 2149 (VB)
                                            :
NISSAN NORTH AMERICA, INC.,                 :
                Defendant.                  :
----------------------------------------------------------------x
```

Briccetti, J.:

      Plaintiffs in the Szymczak case, 10 CV 7493 (VB), have filed a motions to consolidate these three matters and for appointment of co-lead counsel. Defendants consent to consolidation of these actions but oppose the appointment of Szymczak's counsel as interim co-lead counsel.

For the following reasons, the Court GRANTS plaintiffs' motions.

## BACKGROUND

For purposes of ruling on the motions, the Court accepts the allegations of the operative complaint as true and also reviews exhibits submitted with the motions.

Plaintiffs in all three cases are purchasers and drivers of automobiles allegedly manufactured, sold, and warrantied by defendants. Plaintiffs allege their vehicles contain a certain defect in the radiator which defendants knew about and failed to remedy. Plaintiffs assert various state law claims.

The Szymczak action was commenced on September 30, 2010. On January 14, 2011, plaintiffs filed an amended complaint. (Doc. #4.) On December 16, 2011, the Court issued a memorandum decision dismissing some of plaintiffs' claims. (Doc. #26.) Thereafter, on January 17, 2012, plaintiffs filed a second amended complaint. (Doc. #34.)

The McElroy action was commenced in state court in California. It was subsequently removed to the United States District Court for the Central District of California on February 17, 2012. On February 28, 2012, the court transferred the case to this Court pursuant to 28 U.S.C. § 1404(a).

The Johnson action was commenced in state court in Texas. It was removed to the United States District Court for the Northern District of Texas on January 13, 2012, and transferred to this Court on March 22, 2012, pursuant to 28 U.S.C. § 1404(a).

The pending motion to consolidate was filed before the Johnson action was transferred to this Court. Plaintiffs' counsel in Szymczak filed an amended motion in Johnson to include that case in the consolidated cases.

**DISCUSSION**

By their motions, Szymczak plaintiffs seek consolidation of these cases pursuant to Federal Rule of Civil Procedure 42(a) and appointment of Szymczak's counsel as co-lead counsel.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  An invaluable and economizing tool of judicial administration, Rule 42 should be liberally employed "to expedite trial and eliminate unnecessary repetition and confusion."  Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).  On the consent of all parties, the Court grants consolidation of these action as they involve a common question of law and fact and the gains in efficiency to the Court and the parties outweigh any risks of prejudice to the parties.

Pursuant to Rule 23(g)(3), the Court may appoint interim class counsel to act on a behalf of a putative class prior to the certification of a case as a class action.  Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements.  See Manual for Complex Litigation § 21.11 (4th ed. 2004).  In appointing class counsel, the Court considers the following factors: "(a) the work counsel has done in identifying or investigating potential claims; (b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); In re Municipal Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

Defendants argue appointment of lead counsel is unnecessary and premature.  Their

opposition was filed before the McElroy or Johnson cases were reassigned to this Court.  Now that all three cases are before this Court, the factors set forth in Rule 23(g)(1) are applicable in ensuring these three cases are administered efficiently, the claims of named plaintiffs and the putative class members are properly prosecuted, and redundant work is minimized.  The Court finds appointment of interim lead counsel at this time is in the interests of the parties.

Further, the Court finds Szymczak's counsel, Kantrowitz, Goldhamer & Graifman, P.C.; Stull, Stull & Brody; and Mazie, Slater, Katz, Freeman, LLC, are capable and qualified counsel who can appropriately safeguard plaintiffs' interested.

It is hereby ordered:

1. The motions for consolidation of the pending actions and for the appointment of counsel as interim co-lead counsel are GRANTED.

2. The following actions are consolidated for all purposes pursuant to Rule 42(a):

    • Szymczak v. Nissan North America, Inc., and Nissan Motor Co., Ltd., Case No. 10 CV 7493 (VB);

    • McElroy v. Nissan North America, Inc., and Nissan Motor Co., Ltd., Case No. 12 CV 1495 (VB);

    • Johnson v. Nissan North America, Inc., Case No. 12 CV 2149 (VB).

3. The caption of these consolidated actions shall read "In re Nissan Radiator/Transmission Cooler Litigation," and the files of these consolidated actions shall be maintained in one file under Case No. 10 CV 7493 (VB) (the "Consolidated Action").  Any other actions now pending or later filed in this Court that arise out of or are related to the same facts as alleged in the above-identified cases shall, until further order of this Court, be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a) into the Consolidated Action, if and when they are brought to the Court's attention.

4. All documents filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE NISSAN RADIATOR/TRANSMISSION         :         10 CV 7493 (VB)
COOLER LITIGATION                                              :
------------------------------------------------------------x

5. Kantrowitz, Goldhamer & Graifman, P.C.; Stull, Stull & Brody; and Mazie, Slater, Katz, Freeman, LLC, are hereby appointed Interim Co-Lead Counsel;

6. Interim Co-Lead Counsel shall have the authority to perform or delegate the performance of the following matters in the Consolidated Action:

   (a) To coordinate the briefing and argument of motions;

   (b) To coordinate the conduct of written discovery proceedings;

   (c) To coordinate the examination of witnesses in depositions;

   (d) To coordinate the selection of counsel to act as spokesperson at pre-trial conferences;

   (e) To call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;

   (f) To conduct all settlement negotiations with counsel for defendants;

   (g) To coordinate and direct the preparation for trial and to delegate work responsibilities to selected counsel as may be required;

   (h) To receive orders, notices, correspondence, and telephone calls from the Court on behalf of plaintiffs and to transmit copies of such telephone calls to plaintiffs' counsel; and

   (i) To supervise any other matters concerning the prosecution or resolution of the Consolidated Actions.

7. No pleadings or other papers shall be filed or discovery conducted in the Consolidated Action by any plaintiff except as directed or undertaken by Interim Co-Lead Counsel;

8. Counsel in any related action that is later consolidated into the Consolidated Action shall be bound by this organizational structure absent further order by the Court;

9. The motion to strike filed in the <u>Szymczak</u> matter (Doc. #40) is DENIED without prejudice.

10. The parties are instructed to appear for a case management conference on May 30, 2012 at 10:00 a.m.

11. The Clerk is directed to terminate the pending motions.  (Case No. 10 CV 7493, Docs. #40, 45, 57; Case No. 12 CV 1495, Docs. #21, 31; Case No. 12 CV 2149, Doc. #22).

Dated: May 15, 2012
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge