

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE NISSAN RADIATOR/TRANSMISSION    :   [~~PROPOSED~~] PRELIMINARY
COOLER LITIGATION                                       :   APPROVAL ORDER
                                                                           :
                                                                           :   10 CV 7493 (VB)
                                                                           :
-----------------------------------------------------------x

WHEREAS, a class action lawsuit is pending before this Court entitled *In Re: Nissan Radiator/Transmission Cooler Litigation*, Case No. 10-cv-07493 (the "Consolidated Lawsuit");

WHEREAS, on August 24, 2012, Plaintiffs William Szymczak, Stefan Schuele, Kim Dreher, Mario Lopez, Melanie Rivera, Katrina Boyd, Angela Greathouse, Cornelius Jackson, David Simons, Anne Stewart, David and Phyllis Johnson and Tim McElroy ("Plaintiffs"), suing individually and as the representatives of a class, entered into a Settlement Agreement (the "Settlement Agreement") concerning the claims asserted in the Consolidated Lawsuit with Defendant Nissan North America, Inc. ("NNA");

WHEREAS, the Court has read and considered the Settlement Agreement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

### PRELIMINARY CLASS SETTLEMENT APPROVAL AND SETTLEMENT HEARING

1. The Court preliminarily certifies the Settlement Class, for settlement purposes only, consisting of: All former and current owners and lessees of a 2005-2010 model year Nissan Pathfinder, Nissan Xterra or Nissan Frontier vehicle in the United States and its territories, including Puerto Rico, excluding fleet and governmental purchasers and lessees.

2.  The Court certifies that, for settlement purposes only, the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied with regard to the Settlement Class, and finds that for purposes of preliminary approval, the terms of the Settlement Agreement are within the range of reasonableness for a class settlement. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of FED. R. CIV. P. 23(e) (the "Fairness Hearing").

3.  During the Fairness Hearing, which shall be held before this Court on March 14, 2013, at 10:00 a.m. in Courtroom 620 of the United States District Court for the Southern District of New York, White Plains Division, the Court will determine whether the proposed Settlement Agreement is fair and reasonable, whether final approval shall be given to it and whether Class Counsel's application for an award of Attorneys' Fees and Expenses should be granted.

## NOTICE OF SETTLEMENT

4.  The Claims Administrator shall prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715.

5.  The Parties shall cause Notice of the proposed Settlement and the Fairness Hearing to Settlement Class Members as follows:

    (a)  The Parties have agreed to designate Kurtzman Carson Consultants LLC to serve as the independent third-party Claims Administrator to assist in the Notice and Settlement claims administration process.

    (b)  No later than 90 days from the entry of this Order, the Claims Administrator shall commence the mailing of the Notice and Claim Form substantially in the

2

forms attached to the Settlement Agreement as Exhibits A and B, respectively, which shall be mailed by first-class mail, postage prepaid, at the expense of NNA, to all Settlement Class Members for whom there is a last-known valid address and for whom addresses are obtained from a third-party that maintains databases related to the automobile industry and which specializes in obtaining such information from, inter alia, the Departments of Motor Vehicle of all fifty (50) States in the United States, and any mail returned with a forwarding address will be promptly re-mailed to such address.

(c) The Claims Administrator will file with the Court and serve upon Class Counsel and NNA's Counsel no later than twenty-eight (28) days before the Fairness Hearing an affidavit or declaration stating that notice has been completed in accordance with the terms of the Settlement Agreement and Preliminary Approval Order.

6. The Court approves the form of Notice and Claim Form.* The Court finds that these procedures established for mailing and distribution of such Notices as set forth in this Order satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7. The Claims Administrator shall be responsible for receipt of all written communications from the Settlement Class and shall preserve same and all other written communications from Settlement Class Members or any other person in response to the Notices.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

8. To request exclusion from the Settlement Class, a Settlement Class Member must mail to the Claims Administrator an appropriate written request for exclusion, which request must be actually received by the Claims Administrator no later than 21 days prior to the Fairness

\* Provided that the parties correct the Notice to provide that the Fairness Hearing will be held in Courtroom 620 (not Courtroom 630).

Hearing Date (the "Opt-Out Date") at the following address: Nissan Radiator/Transmission Cooler Reimbursement Claims Headquarters, [Address to be designated by Claims Administrator]. A Settlement Class Member wishing to exclude himself/herself from the Settlement must send to the Claims Administrator a signed letter including (1) his/her name, (2) address, (3) telephone number, (4) model and year of vehicle, (5) mileage at the time of Notice, and (6) providing a clear statement communicating that he/she elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to this Settlement Agreement. The request must be personally signed by or on behalf of the Settlement Class Member requesting exclusion, and shall not be effective unless it is made in the manner and within the time set forth in this paragraph. No Settlement Class Member, or any person acting on behalf or in concert or participation with that Settlement Class Member, may request the exclusion of any other Settlement Class Member from the Settlement Class.

9. Copies of requests for exclusion shall be provided by the Claims Administrator to Plaintiffs' Counsel and counsel for NNA not later than 3 business days after the Opt-Out Date. The original requests for exclusion will be filed with the Court by the Claims Administrator not later than 14 days prior to the Fairness Hearing Date.

10. All Settlement Class Members that have not submitted a timely and valid written request for exclusion from the Settlement Class will be bound by the Released Claims and other terms and conditions set forth herein and all proceedings, orders and judgments in the Consolidated Lawsuit, even if those persons have previously initiated or subsequently initiated litigation or other proceedings against NNA, its subsidiaries, NNA's parent or its parents' subsidiaries relating to the claims released pursuant to or covered by the terms of this Settlement.

## OBJECTIONS BY SETTLEMENT CLASS MEMBERS

11. Any Settlement Class Member that has not requested exclusion from the Settlement Class may appear at the Fairness Hearing to show cause as to why any terms of the proposed Settlement should not be approved as fair or reasonable, or why a judgment should not be entered thereon. In accordance with the Settlement Agreement, any Settlement Class Member may so object either on his or her own or through an attorney hired at his or her own expense.

12. In order to contest the approval of the Settlement Agreement, a Settlement Class Member must serve Class Counsel and NNA's counsel by mail at the addresses listed below and must file the Objection with the Court, which Objection must be filed and copies postmarked no later than twenty-one (21) days prior to the Fairness Hearing date specified in the Notice. To state valid Objections to the Settlement, a Settlement Class Member making Objections must provide the following information in his or her written Objections: (i) the Settlement Class Member's full name and current address; (ii) the model year and make of his or her vehicle(s) and approximate date(s) of purchase or lease; (iii) whether the Settlement Class Member still owns or leases the vehicle(s); (iv) the VIN number of the vehicle(s); (v) current odometer mileage of the vehicle(s) currently owned or leased; (vi) whether the Settlement Class Member has obtained repairs to his or her vehicle caused by AT Oil Cooler Leak Damage and, if so, the odometer mileage on the date of the repair or replacement; (vii) a specific and clear statement of the Settlement Class Member's reasons for objecting to the Settlement, including the factual and legal grounds for his or her position; (viii) a detailed list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (ix) whether the Settlement Class Member intends to appear at the Fairness Hearing(s) and whether the Settlement Class Member will be represented by separate counsel; and (x) the Settlement Class Member's signature.

| Co-Lead Class Counsel | NNA's Counsel |
|---|---|
| Gary S. Graifman<br>KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.<br>747 Chestnut Ridge Road<br>Chestnut Ridge, NY 10977 | E. Paul Cauley, Jr.<br>Nina S. McDonald<br>SEDGWICK LLP<br>1717 Main Street, Suite 5400<br>Dallas, TX 75201 |

13. Any Settlement Class Member that does not make an Objection in the manner provided above shall be deemed to have waived such Objection and shall forever be foreclosed from making any Objection to the fairness or reasonableness of the proposed Settlement or the Final Order and Judgment to be entered approving the Settlement. Any Settlement Class Member who wishes to speak at the fairness hearing must follow the procedures outlined in the Notice that the Settlement Class Member receives.

14. Papers by counsel in connection with the Settlement shall be filed as follows: No later than Twenty Eight (28) days before the date set by the Court for the Fairness Hearing, Class Counsel will file a motion requesting that the Court enter the Final Order and Judgment, which will, among other things, dismiss the *In Re: Nissan Radiator/Transmission Cooler Litigation* with prejudice as to NNA, subject to the continuing jurisdiction of the Court, approve the Settlement Agreement, certify the Settlement Class and render an award of Attorneys' Fees and Expenses. NNA may, at its discretion, submit such briefing as it deems necessary to support the motion for final approval, clarify its positions, and otherwise protect its interests. Such briefing by NNA will be due no later than fourteen (14) days before the date set by the Court for the Fairness Hearing. Class Counsel and NNA's Counsel shall also be entitled to file responses to any Objections which may have been filed, which responses shall be filed fourteen (14) days prior to the date set by the Court for the Fairness Hearing. In addition, to the extent NNA's papers oppose Class Counsel's request for Attorneys' Fees and Expenses, Class Counsel may

submit reply papers thereto no later than seven (7) days prior to the date set forth the Fairness Hearing.

## CLAIMS PROCESS

15. To receive reimbursement benefits under the Settlement Agreement, a Settlement Class Member who has not requested exclusion from the Class must submit a valid Claim Form and accompanying required documentation to the Claims Administrator at the address provided in the Notice and Claim Form to obtain reimbursement for repairs to his or her radiator and other damaged components (including the transmission) because of cross-contamination of engine coolant and transmission fluid as a result of a defect in the radiator between 8 years or 80,000 miles, whichever is less, and 10 years or 100,000 miles, whichever is less, subject to the customer co-pay amounts described in Paragraph 41 of the Settlement Agreement. Claim Forms must be post-marked and mailed to the Claims Administrator no later than five (5) months after the date of the Notice. Any Settlement Class Member that does not submit a Claim Form shall not be entitled to receive reimbursement benefits under the Settlement Agreement, but nonetheless shall be bound by the remaining provisions of the Settlement and shall be barred and enjoined from asserting any of the Released Claims.

16. The Claims Administrator shall be responsible for administering the initial receipt of all responses to the Notices, responding to inquiries from Settlement Class Members, and preserving all correspondence in response to the Notices.

## TERMINATION

17. If the Court declines to enter a Final Order and Judgment in accordance with all of the material terms of the Settlement Agreement, or the Final Order and Judgment does not for any reason become Final, the Parties to the Consolidated Lawsuit will be returned to the same position as existed on July 23, 2012, and as if the Settlement Agreement had not been negotiated,

made or filed with the Court. Should this occur, (a) the Parties to the Consolidated Lawsuit shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of the Settlement Agreement; and (b) neither the Settlement Agreement, nor any documents filed, submitted, or published pursuant to the Settlement Agreement may be used in any litigation (except to enforce the provisions of the Settlement Agreement) and nothing contained in any documents shall impact any legal proceedings.

## POWERS AND JURISDICTION OF THE COURT

18. The Court expressly reserves its right to adjourn the Fairness Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without further notice to Settlement Class Members.

19. Pending Final Approval of the Settlement, the Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**IT IS SO ORDERED.**

Dated: 10/9/12

_____
HON. VINCENT L. BRICCETTI