UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE NISSAN RADIATOR/TRANSMISSION
COOLER LITIGATION

10 CV 7493 (VB)

ELECTRONICALLY FILED

-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-1-13

## PROTECTIVE ORDER

As requested and agreed to by all Plaintiffs in the above-captioned action ("Plaintiffs") and all Defendants in the above-captioned action ("Defendants"), the Court issues this Protective Order (the "Order") to facilitate document disclosure and production in the above captioned litigation (referred to as the "Litigation") under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall apply to the Litigation and remain in effect through the conclusion of the Litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this Litigation;

2. The parties to this Litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties

producing Confidential Information as to the confidential, proprietary and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this Litigation, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony or discovery by any party in this Litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony designated by the producing party as "Confidential" or "Subject to Protective Order," and which are disclosed or produced to the attorneys for the other parties to this Litigation are Protected Documents and are entitled to Confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for Confidential treatment.

3. With respect to deposition testimony, documents may be discussed in deposition, but the attorney making the disclosures shall advise the deponent to whom the materials or information contained therein are to be disclosed, that such materials may be disclosed pursuant to this Order only. All documents marked Confidential and identified as exhibits to the deposition are subject to this Order. The designation of confidentiality may be made on the record at the time of the deposition at which time the testimony shall be subject to the full

protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receiving the deposition transcript, notify the parties that the deposition testimony contains Confidential material, in which case the testimony shall be subject to the full protection of this Order.

4. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the Confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to Confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to Confidential treatment as provided in this Order. All Protected Documents are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to Confidential treatment.

5. **Confidential Treatment.** Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

6. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   (a) Counsel of record in the Litigation for the party or party receiving Protected Documents or any information contained therein;

   (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Actions;

   (c) An independent contractor or expert retained by counsel to provide assistance, expert advice, technical consultation or testimony in this Litigation and the employees of any such contractors, experts, consultants or similar persons when working in connection with this Litigation under direct supervision of said person;

   (d) Deponents, but only at a deposition as contemplated by Paragraph 3; and

   (e) The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this Litigation.

7. Prior to the disclosure of any of the materials or information covered by this Order to persons identified in paragraphs 3 and 6(c) of this Order, counsel disclosing the materials or information shall present the person with a copy of this Order. After reading the Order, such persons shall initial each page of a copy of the Order and shall sign the attached form of "Acknowledgment of Protective Order" (the "Acknowledgement"). Copies of each such signed Order and Acknowledgement shall be maintained by counsel disclosing the materials or information. In the event that any of these individuals are identified or designated as witnesses or as experts who may testify in this Litigation, a copy of each such signed Order and Acknowledgement shall be provided to opposing counsel at the time of the designation.

8. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

9. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. To the extent that Protected Documents or information contained therein are used in depositions, at hearings or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

11. When a party files Protected Documents, including confidential portions of any transcript, the party shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order." The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court. The Clerk of the Court is hereby directed to maintain such confidential documents, materials, and information in a separate portion of the court files not available to the public. Any

documents and materials filed under seal shall remain under seal unless the Court, pursuant to a motion by the challenging party, orders that the seal be lifted.

12. Any court reporter or transcriber who reports or transcribes testimony in this Litigation shall agree that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

14. Documents unintentionally produced without designation as "Confidential" at any time during this litigation may be retroactively designated by notice in writing of the designated classification applicable to each document by Bates number, and by providing replacement copies of such documents with the appropriate designation. Upon receipt of the replacement documents, the receiving party shall thereafter return the documents being replaced to the producing party. Such documents shall be treated as "Confidential" from the date written notice of the designation is provided to the receiving party. A person disclosing any materials that are subsequently designated as "Confidential" shall in good faith assist the party making the supplemental designation in retrieving such materials from all recipients not entitled to such materials under the terms of this Protective Order and to prevent further disclosures except as authorized under the terms of this Protective Order. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

15. A party's inadvertent production of privileged or Protected Documents or information in this litigation shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such document or other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced. Upon request, such inadvertently produced documents, and all copies thereof, shall be sent to the producing party or destroyed within five (5) days of the date of the request. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance. Nothing in this Paragraph shall prejudice the right of any party to seek discovery or communications, documents and things as to which a claim of attorney-client privilege or attorney work-product has been made.

16. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

17. After termination of this Litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this Litigation.

18. Upon termination of this Litigation by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return or destroy the Protected Documents, including all copies to counsel for the party or parties disclosing or producing the

Protected Documents. To the extent any Protected Documents were filed under seal pursuant to paragraph 11, the party disclosing or producing the Protected Documents or their counsel will maintain a copy of such Protected Document and related pleadings for a period of six (6) years after final approval of the proposed settlement and make them available to counsel for the parties receiving Protected Documents in the event a need arises directly related to this lawsuit.

19. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

20. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Date: January 31, 2013
White Plains, NY

So Ordered

_____
United States District Court Judge

APPROVED FOR ENTRY:

Gary S. Graifman
ggraifman@kgglaw.com
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335

PROTECTIVE ORDER

_(signature)_ /s/
Howard T. Longman
hlongman@ssbny.com
STULL, STULL & BRODY
6 East 45th Street, Suite 500
New York, New York 10017
Telephone: (212) 687-7320
Facsimile: (212) 490-2022

_(signature)_
Matthew Mendelsohn
mmendelsohn@mskf.net
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303

*Interim Co-Lead Counsel for Plaintiffs*

*[signature]*

E. Paul Cauley, Jr. (admitted *pro hac vice*)
TX Bar No. 04018900
paul.cauley@sedgwicklaw.com
S. Vance Witte (admitted *pro hac vice*)
TX Bar No. 21832980
vance.wittie@sedgwicklaw.com
Nina S. McDonald (admitted *pro hac vice*)
TX Bar No. 24056282
nina.mcdonald@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004

David M. Covey (DMC-3729)
david.covey@sedgwicklaw.com
Soo Y. Kim (SK-5885)
soo.kim@sedgwicklaw.com
SEDGWICK LLP
~~125 Broad Street, 39th Floor~~ 225 Liberty St., 28th Floor
~~New York, NY 10004~~ NY, NY 10281-1008
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Counsel for Defendant Nissan North America, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE NISSAN RADIATOR/TRANSMISSION  :   10 CV 7493 (VB)
COOLER LITIGATION                   :
                                    :   ELECTRONICALLY
                                    :   FILED
                                    :
                                    :
----------------------------------------------------------x

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I hereby acknowledge that I have read the Protective Order entered in this case, to which I have affixed my initials, agree to be bound by its terms, and agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for its enforcement. I further acknowledge that I may not disseminate any information, materials and/or documents protected by the Protective Order that I have received and/or reviewed in this case to anyone other than the Qualified Persons defined in Paragraph 6 of the Protective Order.

_____ day of _____ 20\_\_\_.

_____
Signature

_____
Printed Name