February 10, 2013

Honorable Vincent Briccetti

U.S. District Court for Southern District of New York

White Plains Division

300 Quarropas Street, Room 600

White Plains N.Y. 10601

Dear Judge Briccetti,

 Enclosed you will find my objection to the Nissan Settlement. I have forwarded a copy to the opposing attorneys as instructed by the "Notice of Proposed Settlement."

Sincerely,

Gary G. DeBarba

In Re: Nissan Radiator/Transmission Cooler Litigation, Case No. 10-cv-07493

Gary George DeBarba, 182 Castle Hill Road, Wilmington, VT 05363 (802) 464-8088

I currently own a 2010 Nissan Pathfinder

VIN No. 5N1AR1NB5AC604651

Mileage  33,066

I have not repaired my vehicle due to the radiator issue

Reason for Objection:

I have chosen at this time to object to the Nissan class action settlement. I object because I feel that the class action does not go far enough to protect the vehicle Owner. I feel that Nissan should be required to replace all the suspect radiators with new radiators (without the potential flaws of the existing radiators.)

I purchased my 2010 Nissan Pathfinder in December of 2009 thinking that I was purchasing a reliable car, free of inherent design and manufacturing flaws, that would provide many years of safe transportation. Unfortunately I purchased a vehicle that has the potential for catastrophic damage to the transmission caused by the faulty radiator. This damage and subsequent inability to move the car will probably not happen while sitting safely in my driveway but will most likely occur while traveling either locally or worse yet on an extended trip. This will create a safety concern as well as towing expenses, replacement ground transportation, and possible trip delays or cancellations. Not the kind of situation I was expecting when I purchased the Pathfinder.

I am now faced with the decision of what to do with my vehicle.

Should I decide to sell or trade-in the vehicle before the 80,000 mile full warranty period, I will just be passing my radiator problem on to someone else. I am fairly confident that anyone familiar with Nissan will know of the problem and therefore the cash value of my car will be greatly diminished at the time of sale. If someone were to ask me about the car I would not be able to ignore the existing potentially faulty radiator problem on a moral basis and with respect to the full disclosure laws.

Should I decide to keep the car past the 80,000 mile mark then I am potentially exposing myself to expensive repairs starting at $2,500, quickly reaching $3,000, and then beyond the 100,000 mile mark repairs in excess of $6,000 at which time the value of the repairs may meet or exceed the value of the car and therefore the car will become a piece of junk.

The third alternative I have is to replace the affected radiator prior to the problem occurring but that would be at my own expense. This is the step I think that Nissan should be forced to undertake by the court. In my mind, full replacement of the radiators is the only way that the Nissan owners will be made whole. They will have the vehicle they purchased in good working order without the potential for the catastrophic failure of the transmission due to a faulty radiator.

I must add that I find it interesting that the Counsel for the plaintiffs and Nissan have agreed on everything except the amount of compensation for the plaintiff's counsel and the Class Representatives. Nissan has extended the warranty with minimum exposure, the Counsel for the plaintiffs are fighting for more money for themselves and the class representatives  and the Nissan owners that are the bulk of the class  are left with vehicles with sub-standard radiators and are awaiting the catastrophic damage to occur to their transmissions and radiators.

Hopefully the court will do the right thing and reject the current agreement as it is now structured.

I have never submitted any objections to any class action settlements.

_Sincerely, George D. Bula_                                    2/10/13