IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                         :        Civil Action No.: 10-cv-07493 (VB)
IN RE NISSAN RADIATOR/TRANSMISSION    :
COOLER LITIGATION                                :
                                                         :
------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND RESPONSE TO OBJECTIONS

GARY S. GRAIFMAN, being duly sworn, hereby declares:

1. I am a partner with the firm of Kantrowitz, Goldhamer & Graifman, P.C., one of the Interim Co-Lead Counsel for the Conditionally Certified Class. I submit this Declaration in Support of Final Approval of the Settlement and in response to the objections filed by a relatively small number of class members.

2. As part of the terms of Settlement and the Notice of Proposed Settlement (the "Notice") sent to Class Members, my firm was designated to receive copies of any Objections to the Settlement ("Objections"). We received 85 timely objections.[1] Of these, 84 were filed *pro*

---

[1] The Declaration of Patrick M. Passarella ("Passarella Declaration") which was previously submitted in support of the Settlement on April 6, 2013, identified 50 Objections to the Settlement received by the Claims Administrator and attached a list of the 50 Objections as Exhibit D ("Passarella Objections"). I have reviewed that list and the Passarella Objections themselves and found that all except six (6) of those Objections are on my firm's list of the eighty five (85) Objections. The six that were not were Objections he listed for Timothy F. Anderson, Cynthia Hutt, Daniel Jablonski, Tammy L. Leeder, Dudley W. Parker and Edwin H. Ragsdale. Of those, three (Hutt, Leeder, Ragsdale) objected to the mileage/time limitations of 100,000 miles or 10 years. One (Jablonski) gave no reason and simply handwrote the word "Object!" and asked that his name be removed from the "Court Settlement." Dudley Parker's "Objection" also stated he wished to be excluded, so it is unclear if it was meant to be an objection or exclusion. To the extent he stated an objection, it was an objection to the fact he has never had the problem (his vehicle had approximately 85,000 miles), but might have the problem in the future and is not receiving any relief right now. The Anderson "objection" is unclear as there is nothing attached to the Passarella Declaration indicating what or why he objected. Counsel will follow-up with the Claims Administrator to

*se* and one objection was filed (by two individuals) through counsel.

3. I attach a list identifying the names of the 85 objectors, which is annexed hereto as Exhibit A. Full copies of each of these Objections are annexed hereto as Exhibit B arranged in alphabetical order. Although I received 85 objections, it appears that only eight (8) objections show in the Court's docket as having been filed. If not filed, all objections, other than those eight (8), would be defective. Notwithstanding this, Plaintiffs address the substance of all claims in Plaintiffs' Response to Objections Filed by Class Members, but also oppose any objection which has not been properly filed based on that requirement.

4. As noted in the Declaration of Patrick M. Passarella and the Joint Declaration of Co-Lead Counsel in Support of the Settlement filed on April 6 with this Court, there were 1,549,712 notices sent out to Class Members. There were over 764,000 class vehicles. Yet, the number of objections received was only 85.[2] We have reviewed each objection and have determined that they generally raise 8 different issues. Those issues and the number of objectors which fall into each category are as follows:

**OBJECTION CODING KEY:**

1= Objected because there is a co-pay or deductible paid by class member
   (*64 total objections*)

2= Objected because benefits are limited to vehicles under 100,000 miles
   (*39 total objections*)

3= Objected because there is no provision for undiscovered damage that may occur in the future (*8 total objections*)

4= Objected because Nissan never informed consumers previously of the problem (*22 total objections*)

---

understand why this was listed as an Objection and whether, if so, there is any paperwork is missing.
[2] If the six (6) Objections which were only in the Passarella Declaration are added, the actual total of Objections is ninety-one (91)

2

5= Objected because Nissan should have had a recall to fix the defect (*19 total objections*)

6= Objected because Nissan should instead install new replacement radiators on all Class Vehicles (*21 total objections*)

7= Objected because those with the defect should be entitled to diminished value of the vehicle as well (*6 total objections*)

8= Objected to Class Counsel receiving a fee for the work done (*7 total objections*)

5. In sum, the number of Objections received was relatively few compared to the number of notices sent.

6. Plaintiffs submit herewith their Memorandum of Law in Response to Objections which discusses in detail each of the asserted basis for the Objections and sets forth why, as a matter of law and fact, all of these bases should be rejected by the Court as a ground to deny the Settlement or the Plaintiffs' request for the award of attorneys fees and expenses.

7. The number of Requests for Exclusions is 198 based on the last information provided to Counsel by the Claims Administrator. A list of all 198 individuals seeking to exclude themselves from the Settlement is annexed hereto as Exhibit C

8. The overwhelming majority of class members have not objected to their inclusion in the Class and to the terms of the proposed Settlement.

I declare the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 19, 2013
Chestnut Ridge, New York

GARY S. GRAIFMAN