UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE NISSAN                                )
RADIATOR/TRANSMISSION   )        Civil Action No.: 10-CV-7493(VB)
COOLER LITIGATION            )
                                                    )        OBJECTORS' RESPONSE TO MOTION
                                                    )        FOR FINAL APPROVAL

COME NOW Jay Domenic and David Russell ("Objectors") and respond and object to Plaintiffs' Motion for Final Approval of Class Action Settlement. Plaintiffs' own Brief highlights the conflicts that exist between the class representatives and class counsel and the members of the putative class whose claims are being deserted by the proposed settlement. In an attempt to justify the abandonment of all class members having vehicles with over 100,000 miles, Plaintiffs' Brief states:

> Although Co-Lead Counsel sought to obtain relief beyond the 100,000 mile mark, Nissan was adamant that those Class Members have driven their vehicles for a sufficiently lengthy period of time such that further extension was not justified. Co-Lead Counsel was able to negotiate the limitation of the release to exclude those Class Members from such release. If Co-Lead Counsel refused to settle the matter, then the other Class Members who are been [sic] able to take advantage of either the reimbursement remedy or the warranty repair remedy, either now or in the future, would be denied those benefits. Such a result would be wholly unfair to the Class as a whole.[1]

None of the class representatives have been identified as having vehicles with over 100,000 miles. Yet the class definition includes all Nissan owners. Once a settlement offer was made and considered which would include monetary relief for all class representatives but not for the entire class membership, an obvious conflict presented itself. There were no class representatives having

---

[1] *See* Brief of Plaintiffs and Conditionally Certified Class in Support of Final Approval of Class Action Settlement and Settlement Class at p. 25.

over 100,000 miles that could advocate and argue on behalf of this range of class members. Not surprisingly, due to the lack of adequate representation, the over 100,000 mile group of class members' claims are being "wrongfully compromised, betrayed or 'sold out'" under the proposed settlement. *See Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir.), *cert. denied*, 439 U.S. 1115 (1978)). The absence of separate independent counsel and/or class representatives falling within the over 100,000 mile group prevented the interests of all class members from being protected. Without proper representation, it is this Court's duty to protect the interests of these class members and scrutinize the class attorney to see that he or she is adequately protecting the interests of the class. *See Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992); Herbert Newberg & Alba Conte, *NEWBERG ON CLASS ACTIONS § 13:20* (4th ed. 2002). The class representatives are not adequate and the proposed settlement should not be approved. *See In re Literary Works In Elec. Databases Copyright Litigation*, 654 F.3d 242, 254-55 (2d Cir. 2011); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 627 (1997); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 857 (1999).

While Plaintiffs' Co-Lead Counsel states that he was able to negotiate the limitation of the release to exclude those Class Members from such release, such "negotiation" provided no more relief than such members would have received by opting out. Indeed as noted in Objectors' previously filed Objection, the "relief" for which Plaintiffs' Co-Lead Counsel is taking credit in reality imposes a burden on these class members who must under the proposed settlement "demonstrate through appropriate contemporaneous documentation from an automotive repair or service center, odometer disclosure's statement, or government agency" that their vehicle actually had more than 100,000 miles in order to "exclude themselves to preserve their rights to pursue a claim against Nissan."

In short, Plaintiffs' Co-Lead Counsel elected to proceed with a proposed settlement that provided actual relief to class members having between 80,000 and 100,000 miles while providing no real relief to those class members having over 100,000 miles. Yet, in a recent class settlement regarding alleged unintended acceleration in vehicles produced by Toyota Motor Corp., relief is provided to class members for 10 years from the expiration of the existing warranty, with a maximum of 150,000 miles. The Toyota settlement agreement provides:

> The duration of prospective coverage will begin following the date of the Final Order and Final Judgment and will be calculated based on 10 years from the expiration of the existing warranty for each of these parts, with a maximum limit of 150,000 miles from the vehicle's in-service date, which is the first date the vehicle is either delivered to an ultimate purchaser, leased, or used as a company car or demonstrator. Regardless of mileage or warranty expiration, each eligible Subject Vehicle will receive no less than 3 years of coverage from the date of Final Order and Final Judgment.[2]

Similar to the Toyota settlement, Nissan should be responsible for the systematic design defect found in its vehicles beyond the 100,000 mile mark. The mileage of the vehicle has nothing to do with the design flaw. There is no rational basis for deciding that class members with over 100,000 miles have driven their vehicles a sufficient distance to no longer warrant relief while class members who have driven between 80,000 to 100,000 should be entitled to relief. The arbitrary setting of 100,000 miles as the line of relief in the proposed settlement has resulted from the inadequacy of the class representatives and class counsels' decision to proceed on behalf of the inadequate representatives. Indeed Plaintiffs' Co-Lead Counsel has admitted that he was put in the position of having to decide what to do once receiving an offer providing relief to the 80,000 to 100,000 miles group while

---

[2] See Settlement Agreement in *In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:10ML2151 (Central District of California) http://www.toyotaelsettlementcom.com/pdf/SETTLEMENT%20AGREEMENT%20EXHIBITS.pdf at p. 16-17.

providing no relief to the over 100,000 mile group. Plaintiffs' Co-Lead Counsel sided with the class representatives and not only left a substantial group of the class members that counsel was also supposed to represent with no relief but also imposed on them the added burden of having to seek exclusion via "appropriate contemporaneous documentation" to avoid the release and allow them to bring their own suit. The result of the proposed settlement is to place the over 100,000 mile group in a worse position than they were before this action was brought, in order to benefit the 80,000 to 100,000 group. This Court should not approve the proposed settlement which provides no relief to and sacrifices the rights of a significant group of class members whose interests were clearly not protected by adequate class representatives and independent counsel.

## CONCLUSION

For these reasons and as set forth in Objectors' previously filed Objection, Objectors request this court in the exercise of its fiduciary duties in protecting the rights of all class members to disapprove the proposed settlement due to the conflicts between the class representatives, the class and Plaintiffs' counsel.

_____
KENNETH A. ZITTER, ESQ.
260 Madison Avenue, 18th Floor
New York, NY 10016
Tel: 212-532-8000

## Affidavit of Service

State of New York )
: ss.:
County of New York )

Naleeni Ramraj

being duly sworn, deposes and says, that the deponent is not a party to the action, is over 18 years of age and resides at

105-15 148th Street
Jamaica, New York 11435

That on the 22nd day of April, 2013 deponent served the within Objectors' Response to Motion for Final Approval on

Gary S. Graifman, Esq.
Kantrowitz, Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977

Matthew Mendelsohn, Esq.
Mazie, Slater, Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068

Howard T. Longman, Esq.
Stull, Stull & Brody
6 East 45th Street - Suite 500
New York, New York 10017

by sending a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

_Naleeni Ramraj_

Sworn to before me this
22nd day of April, 2013

_____
Notary Public
KENNETH A. ZITTER
Notary Public, State of New York
No. 41-4637911
Qualified in Queens County
Commission Expires June 30, 2015